ROYAL K. WRIGHT *vs.* CITY OF PEABODY & others.

Essex. February 1, 1954. — March 1, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Trailer Coach Park. Taxation*, Trailer coach, Excise. *License. Constitutional Law*, Taxation.

G. L. (Ter. Ed.) c. 140, § 32G, as appearing in St. 1952, c. 583, § 1, is valid and constitutional.

BILL IN EQUITY, filed in the Superior Court on March 6, 1953.

The suit was reported by *Beaudreau*, J., without decision.

*James A. Liacos*, for the plaintiff.

*John V. Phelan*, Assistant Attorney General, for the Attorney General.

WILKINS, J.   The plaintiff is the owner of a parcel of real estate in Peabody upon which he operates a trailer coach park under a license issued to him by the board of health of the defendant city.   G. L. (Ter. Ed.) c. 140, § 32B, as appearing in St. 1945, c. 153, as amended by St. 1950, c. 326, § 4, and St. 1950, c. 802, § 1.   He brings this bill for a binding declaration as to the validity of G. L. (Ter. Ed.) c. 140, § 32G, as appearing in St. 1952, c. 583, § 1.   G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1.   Besides the city, the defendants are its collector of taxes and its board of assessors. The defendants filed an answer alleging vaguely without specification of any sort that the statute is "invalid and unconstitutional."   The facts have been agreed, and the case has been reserved and reported without decision. G. L. (Ter. Ed.) c. 214, § 31.   Because of the constitutional question the Attorney General was notified.   G. L. (Ter. Ed.) c. 231A, § 8, inserted by St. 1945, c. 582, § 1.   In this court both the Attorney General and the plaintiff take the position that the statute is constitutional.   There has been no contention to the contrary before us, as the defendants have offered no oral or written argument.

Statute 1952, c. 583,[1] entitled "An Act relative to the collection of a monthly license fee for trailer coaches located

---

[1] "SECTION 1.   Chapter 140 of the General Laws is hereby amended by striking out section 32G, as amended by section 3 of chapter 802 of the acts of 1950, and inserting in place thereof the following section: — Section 32G. In addition to the license fee provided for under section thirty-two B, each trailer coach park owner or operator licensed under said section shall pay an additional license fee of four dollars per month or major fraction thereof, on account of each trailer coach occupying space within the said trailer coach park.   Such license fee shall be collected from the owner or occupant of each trailer so occupying space in such trailer park at the end of each said month or major fraction thereof, and shall be deposited with the collector of taxes in the city or town in which the trailer coach park is located not later than the fifth day of the month next following, together with a list containing the name and address of each owner or occupant of a trailer coach occupying space on account of which a license fee is deposited.   Each trailer coach subject to the license fee provided for in this section shall be exempt from any property tax as provided in clause Thirty-sixth of section five of chapter fifty-nine. . . .

"SECTION 2.   Section 5 of chapter 59 of the General Laws is hereby amended by adding after clause Thirty-fifth the following clause: — Thirty-sixth, Trailer coaches located in trailer coach parks subject to the monthly license fee provided for under section thirty-two G of chapter one hundred and forty."

in trailer coach parks and the exemption of such vehicles from the property tax," became effective on January 1, 1953. § 3. Section 32G, inserted by § 1 thereof in G. L. (Ter. Ed.) c. 140, provides that in addition to the license fees required under § 32B (three dollars for original licenses and fifty cents for renewals), each trailer coach park owner or operator "shall pay an additional license fee of four dollars per month or major fraction thereof, on account of each trailer coach occupying space" in the park. The additional "license fee" is to be collected monthly from the owner or occupant of each trailer coach and "deposited with" the local collector of taxes. Each trailer coach subject to the additional "license fee" is exempt from any property tax as provided in G. L. (Ter. Ed.) c. 59, § 5, Thirty-sixth, added by St. 1952, c. 583, § 2.

Ignoring c. 583, the defendant assessors on January 1, 1953, assessed to the plaintiff a real estate tax on the value of trailer coaches then occupying space in his park, and the defendant collector of taxes refused to accept from the plaintiff sums he had collected from the owners of trailer coaches in his park in January and February, 1953.

The remaining facts agreed relate to attachment to the realty. The trailer coaches are equipped with wheels, are mobile, and rest on cinder blocks, which in turn rest upon, but are not embedded in, the ground. There is no cement or other foundation for the blocks. Lighting is by an extension cord, belonging to and attached to each trailer coach. The cord connects along the ground with a meter panel serving from three to six coaches. Each meter panel obtains electricity from a central meter panel. All meter panels are owned by the plaintiff and are on his property. Water is supplied from an underground system of the plaintiff to which each trailer coach connects by garden hose or copper tubing belonging to its owner. Electricity and water are purchased by the plaintiff from the defendant city. There is a cesspool available for approximately every two trailer coaches. The trailer coach owner makes connection directly under the trailer coach, by a rain spout or garden hose owned

by him, with a sewer outlet leading underground to the cesspool. The cesspools and sewer outlets are owned by the plaintiff. The extension cord, garden hose, copper tubing, and rain spout are in each case "readily" attachable or detachable.

The defendants have flouted the act of the Legislature, but have not troubled to come into this court to present their views. The categorical assertion of unconstitutionality in the answer is of no help in deciding the case. We have not even been told whether the allusion is to the State or Federal Constitution or to both. We are in much the same position as when the opinions of the justices are sought in a broad inquiry as to the constitutionality of a bill in its entirety. Such questions commonly are not answered in that form. See *Opinion of the Justices*, 328 Mass. 679, 691. In the case at bar the applicable principle is that "One assailing a statute on constitutional grounds has the burden of proving the absence of any conceivable grounds upon which the statute may be supported." *Merit Oil Co.* v. *Director of the Division on the Necessaries of Life*, 319 Mass. 301, 305–306, and cases cited. *Landers* v. *Eastern Racing Association, Inc.* 327 Mass. 32, 44–45.

The act we are asked to consider was passed as recommended in Fourth Interim Report of the Special Commission on Taxation, House Doc. (1952) No. 2545, which states (pages 13–14) the legislative purpose in this language: "Any legislation which is adopted with regard to the taxation of trailer coaches located in trailer coach parks should have the following objectives: — To relieve the trailer park owner of the burden of paying property taxes on the personal property of another; To place that burden upon the owner of the property, — the trailer owner, — with adequate provisions for enforcement; To do this in a way which is both constitutional and in accordance with the concept of real property taxation which now exists in the Commonwealth; and To insure that the cities and towns are compensated by the trailer owner for community services rendered, and that no loss of revenue is suffered under any new taxing method."

The recommended legislation, which is substantially c. 140, § 32G, as appearing in St. 1952, c. 583, § 1, the special commission declares, fulfils all these objectives without making any unconstitutional provision.

We read in the report that in supposed reliance upon *Franklin* v. *Metcalfe,* 307 Mass. 386, and *Chelsea* v. *Richard T. Green Co.* 319 Mass. 162, the department of corporations and taxation had required local assessors to assess as part of the real estate any trailer coach which is attached to the land in any manner. The two cases arose under G. L. (Ter. Ed.) c. 59, § 3, reading in part, "Real estate for the purpose of taxation shall include all land within the commonwealth and all buildings and other things erected thereon or affixed thereto." The application of that statute to trailer coaches the commission found to be objectionable in a number of respects, one being that the landowner so taxed usually did not own the trailer coach, and another that the only trailer coaches affected were those in the Commonwealth on January 1. It clearly was the purpose of the Legislature to stop what it regarded as unfairness and abuses arising out of the arbitrary classification of all trailer coaches in trailer coach parks as real estate.

At most, the only question presented is whether the statute is unconstitutional because other people's trailer coaches can no longer be taxed to a park owner as part of his real estate. Lacking any support for the affirmative of the proposition, we need merely state that we are unable to perceive any constitutional objection. See *Edwards* v. *Mayor & Council of Moonachie,* 3 N. J. 17; *Stewart* v. *Carrington,* 203 Misc. (N. Y.) 543; *Streyle* v. *Board of Property Assessment, Appeals & Review,* 173 Pa. Super. Ct. 324; 22 A. L. R. (2d) 774, 786.

A final decree is to be entered (1) declaring that G. L. (Ter. Ed.) c. 140, § 32G, as appearing in St. 1952, c. 583, § 1, is valid and constitutional; (2) ordering the defendant collector of taxes to accept sums of money collected by the plaintiff from the owners of trailer coaches occupying space in his trailer coach park; (3) ordering the defendant as-

sessors to strike from the 1953 assessment against the plaintiff any valuation placed upon his real estate because of trailer coaches occupying space in his trailer coach park on January 1, 1953; and (4) ordering that the plaintiff is to have costs against the defendants, including costs of appeal.

*So ordered.*