STEVENS *v.* TOWNSHIP OF ROYAL OAK.

1. MUNICIPAL CORPORATIONS—ZONING—NONCONFORMING USE.
    The purchaser of property which had been zoned before the
    purchase has no greater right to use the property for a non-
    conforming use than his vendor had.

2. TOWNSHIPS—ZONING ORDINANCE—TRAILER PARKS—PERMIT BY
    STATE HEALTH DEPARTMENT.
    The issuance of a trailer park permit by the State health de-
    partment does not preclude a township from enforcing its
    zoning ordinance which did not permit the establishment of
    a trailer park on property purchased after adoption of the
    ordinance, where the permit issued provided that it did not
    relieve the park owner from securing any or all other permits
    required by State law and local ordinances (CL 1948, § 125.-
    751 *et seq.*; § 125.755).

3. SAME—TRAILER PARKS—HEALTH—GENERAL WELFARE.
    The statute giving the State health department the authority
    to intervene in trailer park matters for protection of the public
    health leaves entirely to the township matters of safety,
    morals and general welfare in the operation of such parks
    in the township (CL 1948, § 125.271 *et seq.*; § 125.755).

4. SAME—TRAILER PARKS—ZONING ORDINANCES—STATE HEALTH DE-
    PARTMENT PERMIT.
    Townships have the right to exclude trailer parks from residential

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Zoning § 215.
[1]  Construction and application of provisions for variations in
     application of zoning regulations and special exceptions there-
     to.   168 ALR 13.
[2, 4]  58 Am Jur, Zoning § 63.
[2]  Establishment, maintenance, and regulation of tourist or trail-
     er camps by public authorities.  115 ALR 1398.
[3]  58 Am Jur, Zoning §§ 26, 27.
[4]  Maintenance or regulations by public authorities of tourists
     or trailer camps, motor courts, or motels.  22 ALR2d 774.
[5]  58 Am Jur, Zoning § 25 *et seq.*

districts by seasonably adopted and reasonable zoning ordinances, notwithstanding any permit issued by the State health department (CL 1948, § 125.271 *et seq.*; § 125.755).

5. MANDAMUS—BUILDING PERMIT—TRAILER PARKS—ZONING ORDINANCES.

Mandamus, sought by property owners, to compel township authorities to issue a building permit to plaintiffs to establish an additional trailer coach park on their property *held*, properly denied by trial court, where zoning ordinance restricting the use of the property to 1-family residential use was not shown to have been unreasonable under the circumstances and it is presumed that all members of the township board had in mind the general conditions of property in the township and acted according to the needs and interests of the public and to their honest and well-founded judgment (CL 1948, § 125.271 *et seq.*; § 125.755).

Appeal from Oakland; Verdier (Leonard D.), J., presiding. Submitted January 11, 1955. (Calendar No. 46, 096.) Decided March 9, 1955.

Petition by Roy C. Stevens, Melbourne Carlos Stevens and Melbourne W. Stevens for writ of mandamus to compel the Township of Royal Oak, a municipal corporation, and Earl Partica, its building inspector, to issue building permits in connection with a trailer park. Petition denied. Plaintiffs appeal. Affirmed.

*Dell & Heber* (*Harry N. Dell,* of counsel), for plaintiffs.

*Glenn C. Gillespie,* for defendants.

REID, J. Plaintiffs petitioned the circuit court for a writ of mandamus to compel issuance of building permits to establish an additional trailer park in the township, which permits the defendant township had refused to issue because contrary to the zoning ordinance. After a hearing on the petition, the circuit

court entered an order denying the application. Plaintiffs appeal.

The facts are not in great dispute. The township is located in Oakland county and was originally 36 square miles in area. By incorporations of cities and annexations to cities, it has been reduced to about 7–1/2 square miles, except for a small separated area. It is now bounded on the south by 10 Mile road; on the east by Dequindre road (the boundary line road between Oakland and Macomb counties); on the north by 14 Mile road and on the west by Campbell and Stephenson roads. The property in question lies on the west side of Dequindre, on the easterly edge of the township. It has a frontage of 600 feet on Dequindre and a depth of about 2,370 feet.

Because of great industrial activities in Warren township, Macomb county, which is adjacent to and east of Royal Oak township, defendant township adopted a comprehensive zoning ordinance, April 29, 1948, in which ordinance the area in which plaintiffs' property is situate, was zoned for heavy industrial use. No industries became located within the area in the next 4 years; on the contrary, large tracts adjacent were developed for and occupied by single-family residences, in consequence of which and in order to conserve the residential use dictated by changed surroundings, the defendant township in October, 1950 and on June 6, 1952, amended the zoning ordinance and plaintiffs' property was included in a rezoning restricting to 1-family residential use.

Plaintiffs bought the property for the agreed price of $32,700 five months after the adoption of the zoning ordinance of which plaintiffs now complain and have no greater right to use the property for a trailer park than their vendor had. Irma Killoran, who owned the property in question before selling it to plaintiffs, had signed a letter dated

January 25, 1952, written by her son to the supervisor of the township requesting the rezoning of the property "from industrial to residential."

There are now 4 trailer parks in the township. One is owned by one of plaintiffs, and is near the property in question. All 4 were in operation before the adoption of the present zoning ordinance, to which they are nonconforming in use. There are no sewers touching plaintiffs' land. The State department of health approved the proposed use of septic tanks for disposal of unsanitary wastes.

The school district owns about 12 acres due west and adjoining the proposed trailer park in question in this case. The school has a capacity for 350 pupils, with attendance of 485 and the pupils are on half-day attendance due to lack of facilities of the district. The population of Royal Oak township was 6,000 in 1945, but now it is about 24,000. The township has difficult problems to solve in order to effectuate disposal of sewage and storm water.

Plaintiffs cite *Richards* v. *City of Pontiac,* 305 Mich 666, as authority for the proposition that a permit issued to plaintiffs for their proposed trailer park by the State health department precludes the township from invoking or enforcing its ordinance in opposition to the proposed trailer park in question. However, the State permit (issued June 29, 1953) contains the following:

"This permit in no way relieves the park owner of the responsibility for securing any or all other permits required by State law and local ordinances."

The statute, CL 1948, § 125.755 (Stat Ann 1953 Cum Supp § 5.278[5]), contains, among other things, the following:

"No approval of plans and specifications and the issuance of a permit to construct or make alterations upon a trailer coach park and the appurte-

nances thereto by the State health commissioner shall be construed as having been approved for other than sanitation. Such a permit does not relieve the applicant from securing building permits in municipalities having a building code; or from complying with any other municipal ordinance or ordinances, applicable thereto, not in conflict with this statute."

The statute gives the State health department (in conjunction with local municipalities) the authority to intervene in trailer park matters for protection of the public health, but leaves entirely to the township matters of safety, morals and general welfare in the operation of trailer parks in the townships. See CL 1948 and CLS 1952, § 125.271 *et seq.* (Stat Ann 1949 Rev and Stat Ann 1953 Cum Supp § 5.2963 [1] *et seq.*). Townships have the right to exclude trailer parks from residential districts by seasonably adopted and reasonable zoning ordinances, notwithstanding any permit issued by the State health department.

Under the circumstances of this case, defendant township could well consider trailer parks objectionable in the residential neighborhood in question. The enactment of the trailer coach park act, hereinbefore quoted from, indicates that the legislature recognized the necessity for special regulation of trailer parks, especially from the standpoint of public health.

Plaintiffs produced testimony to the effect that the supervisor of the township said that the purpose of adopting the ordinance in question, was to prevent an incinerator plant from being established in the township. There is no competent testimony that the other members considered the matter in the same light as the supervisor is claimed to have considered it. We must presume that all members of the board had in mind the general conditions of property in the township and in the absence of testimony to the

contrary, acted within the limits that such knowledge would indicate, in forming their judgment and taking action.

There is not sufficient foundation for plaintiffs' claim that the township board in the adoption of its amendment to the ordinance in question (requested by plaintiffs' vendor), and in the refusal to grant plaintiffs the requested permits, acted otherwise than in accordance with a just appraisal of the circumstances, the needs and interests of the public, according to their honest and well-founded judgment. There is no ground shown on which the defendant township could properly be forbidden to enforce the ordinance in question. There is no sufficient showing that defendants violated any clear legal duty. There is, therefore, no fair ground for the issuance of the mandamus sought. The judgment of the circuit court in denying the application of plaintiffs for a writ of mandamus is affirmed. Costs to defendants.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, DETHMERS, and KELLY, JJ., concurred.