Town of Granby *vs.* Walter J. Landry.

Hampshire.     September 30, 1960. — November 17, 1960.

Present: Wilkins, C.J., Spalding, Whittemore, & Cutter, JJ.

*Zoning. Trailer. Constitutional Law,* Zoning. *Equity Pleading and Practice,* Amendment, Suit for zoning enforcement, Decree.

A town's zoning by-law was not invalid under G. L. c. 40A, § 2, in that it dealt solely with trailers and that it was applicable throughout the town without division thereof into zones.   [445]

No arbitrary and unconstitutional effect of a town's zoning by-law was shown in that it forbade keeping more than one unoccupied trailer on any parcel, and the use of any trailer for living quarters, except in a trailer park duly established under G. L. c. 140, §§ 32A–32L.   [445–446]

The field of regulation of trailers is not preëmpted by G. L. c. 140, §§ 32A–32L, to the exclusion of regulation by zoning by-laws and ordinances.   [446]

In a suit in equity by a town to enjoin the maintenance of trailers as in violation of the trailer park statutes, G. L. c. 140, §§ 32A–32L, and the town's zoning by-law, there was no abuse of discretion in allowing an amendment of the bill by adding allegations that the maintenance of the trailers was also in violation of rules and regulations of the town's board of health.   [447–448]

The final decree in a suit in equity by a town to enforce its zoning by-law respecting trailers should not have ordered the removal of all trailers from the defendant's land since the by-law permitted not more than one unoccupied trailer on any parcel.   [448]

Even though allegations added to the bill by amendment in a suit in equity related to a certain issue, the final decree improperly dealt with that issue where a statement of agreed facts on which the suit was heard and the specific prayers in the bill presented only other issues.   [448]

Bill in equity, filed in the Superior Court on February 24, 1958, to enjoin the keeping of trailers in violation of G. L. c. 140 and the plaintiff's zoning by-law.

An amendment of the bill was allowed, and the suit was heard on a statement of agreed facts, by *Dewing, J.*

*Timothy J. Howes,* for the defendant.

*Frank Hurley,* Town Counsel, for the plaintiff.

Whittemore, J.   The defendant has appealed from a final decree which enjoins him from having or using any

trailers on his land, either parcel 1 or parcel 2, unless and until he obtains "proper licenses or permits . . . from the authorities of the town of Granby, including the board of health, for the use of any trailer for dwelling purposes thereon." The decree also orders the defendant forthwith to remove the trailers from parcel 1.

The statement of agreed facts on which the case was submitted sets out, inter alia, the following facts. The town in compliance with the zoning statute, G. L. c. 40A, duly adopted a by-law on November 19, 1956 (approved December 11, 1956), which, in its entirety, provides, "Not more than one house trailer may be kept on any parcel of land. No house trailer may be used as living quarters while so located. Space shall not be leased for trailers. Provided however, that the foregoing shall not prohibit the establishment of a trailer camp under the provisions of Chapter 140 of the General Laws." No zoning plan had been adopted. Parcel 1 ("first tract") was divided into seven lots with two trailers located and occupied on one of them, having been placed there after the passage of the by-law. There is one trailer located and occupied on the "second tract"; it was so located and occupied on November 19, 1956. On November 19, 1956, grading of land and installation of utilities had been accomplished for the accommodation of two trailers on the first tract. No "permits had been obtained for sewage installations or for locations of trailer." The defendant had no permits under G. L. c. 140. A plan of the locus was attached. The judge who heard the case, in "Finding and Order for Decree," ruled that the two parcels were not a trailer park as defined by c. 140. The judge also noted that parcels 1 and 2 are contiguous but lot 6, on which there is a dwelling house, separates lot 4 on which there are two trailers from parcel 2 on which there is one trailer. He ruled that "the two trailers on lot 4 of parcel 1 are in direct conflict . . . [with] the town by-law," and that the trailer on parcel 2 does not offend the by-law[1] but "cannot be used for dwelling purposes unless

---

[1] The plaintiff did not appeal and does not question the ruling. There is no issue under G. L. c. 40A, § 11.

and until it complies with the rules and regulations of the board of health . . . adopted on March 17, 1958."

The defendant contends (1) the by-law was invalid in that the statutory provision for adoption of zones (G. L. c. 40A, § 2) means that valid zoning by-laws must set up zones, except that in any case they may prohibit noxious trades; (2) there was error in respect of the allowance of a motion to amend the bill of complaint; and (3) the defendant had had no trial in respect of the health regulations. It is not contended that the preparation for trailer use of parcel 1 established a nonconforming use.

1. The by-law was a valid exercise of the zoning power. Chapter 40A does not make compulsory a division of the town into zones or the adoption of a comprehensive plan as a condition of any exercise of the power. Rathkopf, The Law of Zoning and Planning (3d. ed.) c. 3, p. 3–2, and Standard Enabling Act, *ibid.* (vol. 2) p. 877. The statute, c. 40A, § 2, provides: "For the purpose of promoting the health, safety, convenience, morals or welfare of its inhabitants . . . any town may by a zoning . . . by-law regulate and restrict the . . . use of buildings, structures and land for trade, industry, agriculture, residence or other purposes . . . ." This is a broad grant of power not restricted by the following provision: "For any or all of such purposes a zoning . . . by-law may divide the municipality into districts . . . and within such districts . . . regulate and restrict the . . . use of land, and may prohibit noxious trades within the municipality or any specified part thereof."

The effect of the by-law is to confine occupied trailers to parks licensed under G. L. c. 140, § 32B, and to limit the number of locations of unoccupied trailers. Under the statute license is from the local board of health after published notice; the State department of health has jurisdiction to inspect the park and to require unpolluted water supply and sanitary sewage disposal. The local board may adopt rules and regulations. By § 32F "[a]ny lot or tract of land upon which three or more trailer coaches occupied

for dwelling purposes are located . . . shall be deemed a trailer coach park," and the license under § 32B is required therefor.  By § 32G, provision is made for a monthly fee of $4 for each trailer to be collected by the collector of taxes in lieu of the property tax, from which the trailers are exempt under c. 59, § 5, Thirty-sixth.

It is not arbitrary thus to restrict all land in Granby so that trailers may be lived in, or grouped, only in a licensed trailer camp.  Trailers are generally recognized as subject to regulation under the police power.  G. L. c. 140, §§ 32A–32L.  *Gillam* v. *Board of Health of Saugus,* 327 Mass. 621 (health regulation under G. L. c. 140, § 32B).  *Wright* v. *Peabody,* 331 Mass. 161.  *Marblehead* v. *Gilbert,* 334 Mass. 602.  Cases collected in 22 A. L. R. 2d 774, 780–782.  Rathkopf, The Law of Zoning and Planning (3d ed.) c. 17.  Metzenbaum, Law of Zoning (2d ed.) c. X–s–(2), p. 1784.

All the land in Granby stands in like aspect in respect of obtaining a license for a trailer park.  It is not discrimination that action on later applications may be determined in the light of existing trailer park facilities.  The tendency of the by-law is in the direction of placing together such occupied trailers as there are in the town, thus facilitating regulation and supervision.  It assures State oversight of grouped trailers.  There is nothing that requires that a landowner have three trailers on his parcel before he can obtain a license.  See § 32H.

The statute does not purport to preëmpt the field of regulation of trailers.  *Stevens* v. *Royal Oak,* 342 Mich. 105.  *Stary* v. *Brooklyn,* 51 Ohio Op. 378.  See *Ralston* v. *Commissioner of Agriculture,* 334 Mass. 51, 57–58.  *Maher* v. *Brookline,* 339 Mass. 209, 214–215.  Cf. *Cambridge* v. *Boston Elev. Ry.* 241 Mass. 374, 380; *McDonald* v. *Superior Court,* 299 Mass. 321, 324; *Homer* v. *Fall River,* 326 Mass. 673, 676–677.  Chapter 140, §§ 32A–32L, is not a zoning regulation.  The by-law is fully consistent with the statute.

No point is presented on this record based on the failure of the by-law to define a "parcel of land."  See, as to

"lots," *Vetter* v. *Zoning Bd. of Appeal of Attleboro,* 330 Mass. 628, 630; *Clarke* v. *Board of Appeals of Nahant,* 338 Mass. 473, 478–480. No basis is shown for a ruling that the by-law is in this respect unconstitutional on its face, or as applied to the defendant's parcels. The defendant does not contend that he may store one trailer on each of the seven lots of parcel 1. In his "Objection to Allowance of Motion" for final decree he specified that the proposed decree "treats parcel 1 and parcel 2 alike although parcel 2 was found to have a non-conformity." His brief states: "Two trailers on parcel 1 were found to be on site in violation of said by-law." For purposes of this case parcel (or "tract") 1 and parcel (or "tract") 2 are "parcel[s]" under the by-law. No prejudice to the defendant is claimed or shown from lack of uniformity of classification of land due to varying sizes of parcels of land in the town. It is the practice not to rule on constitutional issues not presented. *Bowe* v. *Secretary of the Commonwealth,* 320 Mass. 230, 246. See *Clarke* v. *Board of Appeals of Nahant,* 338 Mass. 473, 480. The defendant must show the by-law unconstitutional in its application to him. *Kaplan* v. *Bowker,* 333 Mass. 455, 459. For the rules of construction which favor the constitutionality of the by-law, see *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 594–595; *Raymond* v. *Commissioner of Pub. Works of Lowell,* 333 Mass. 410, 413–414; *Paquette* v. *Fall River,* 338 Mass. 368, 376. See also *Wright* v. *Peabody,* 331 Mass. 161, 164 (constitutionality of G. L. c. 140, § 32G).

2. There was no error in allowing the motion to amend the bill of complaint which, the record shows, was "filed and allowed . . . November 2, 1959." The amendment (1) added to the averment that the location of the three trailers was without a trailer park license as required by G. L. c. 140 the words, "and in violation of the rules and regulations of the board of health of the town of Granby," and (2), in a separate paragraph, averred the adoption by the board of health, under G. L. c. 111, § 31, of rules and regulations, "copy of which is . . . annexed" to the motion.

The allowance of the motion was plainly within the judge's discretion. There is no basis in the record for the contention that the defendant had no notice, before trial, of the allowance of the motion.

3. Modification of the decree is required. The decree improperly enjoins the keeping of unoccupied trailers which the by-law permits, one to a parcel. Furthermore, the injunction against the use of "any trailer for dwelling purposes" on parcel 2 without "proper licenses or permits . . . from the authorities of the town of Granby, including the board of health," is beyond the scope of the case presented by the pleadings and the agreed facts. There is no basis for concluding that the defendant lacks any prescribed permit or license other than one from the board of health. The ruling that the parcels are not a trailer park establishes that there is no violation of the license requirements of G. L. c. 140, § 32B, and of the health regulations of March 17, 1958, if and so far as they are regulations of a trailer park. The regulations of March 17, 1958, are not printed in the record nor attached to the original motion as averred. We assume that the judge had them before him, and that they call for a permit for a trailer even though not in a trailer park. There is, however, inadequate basis for an adjudication in respect of such a requirement. The bill, even as amended, prayed only for injunctive relief against keeping trailers in violation of G. L. c. 140 and the zoning by-law, and for general relief. The statement of agreed facts sets out in terms no violation of the health regulations and all the facts stated are relevant to the issues presented by the specific prayers. No controversy having been presented as to the defendant's need for, or right to, a permit for a trailer not in a trailer park, such controversy, if it exists or arises, must be resolved in another proceeding. The defendant's use of his land is of course at all times subject to compliance with all valid and applicable laws and regulations.

The final decree is to be modified to enjoin the keeping of more than one trailer on parcel 1 or parcel 2, and the use

for living quarters of any trailer on parcel 1, unless, in each instance, pursuant to a trailer park license under G. L. c. 140, § 32B. As so modified the decree is affirmed.

*So ordered.*