LOUIS J. VETTER *vs.* ZONING BOARD OF APPEAL OF
ATTLEBORO.

Bristol. October 26, 1953. — December 9, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Zoning. Attleboro.*

A tract of land in Attleboro which on the effective date of the city's
zoning ordinance was under a single ownership and contained more
than 12,000 square feet, although composed of two parcels shown as
separate lots on the assessors' plans and acquired by the landowner
at different times from different sources, each containing somewhat
more than 6,000 square feet, was on the effective date a single "lot"
for the purposes of a section of the ordinance requiring that each
dwelling must be located on a lot of at least 12,000 square feet; and
upon sale by the landowner of one of the constituent parcels after the
effective date he was not entitled to the benefit of a further provision
in such section of the ordinance that "nothing contained in this sec-
tion shall prevent the erection . . . of any building on any lot . . .
containing a smaller area [than 12,000 square feet], provided such lot
on the effective date hereof does not adjoin other land of the same
owner available for use in connection with said lot," nor entitled to
a permit to build a dwelling on the other constituent parcel retained
by him.

BILL IN EQUITY, filed in the Superior Court on October
15, 1951.

The suit was referred to a master and was heard on his
report by *Nagle, J.*

*Charles Sallet,* for the plaintiff.

*Francis M. Flaherty,* City Solicitor, for the defendant,
submitted a brief.

QUA, C.J. This is a bill in equity brought in the Superior
Court by an owner of land in Attleboro by way of "appeal"
from a decision of the board of appeal. G. L. (Ter. Ed.)
c. 40, § 30, as appearing in St. 1933, c. 269, § 1, and as

amended by St. 1935, c. 388, §§ 1 and 2, by St. 1941, c. 198, §§ 1 and 2, by St. 1945, c. 167, and by St. 1951, c. 205. The board upheld the inspector of buildings in his refusal of a building permit to the plaintiff and declined to grant either a "special exception" or a variance. The Superior Court declined to annul or to modify the decision of the board. The plaintiff appeals.

The zoning ordinance of Attleboro took effect on February 10, 1942. Section 12 of the ordinance, in so far as need be stated for the purposes of this case, read, "In single residence districts . . . there shall be provided for each dwelling house . . . hereafter constructed, altered or placed, a lot containing not less than . . . twelve thousand square feet . . . and hereafter no dwelling house . . . shall be erected or placed on a lot containing less than such minimum area; but nothing contained in this section shall prevent the erection or placing of any building on any lot . . . containing a smaller area, provided such lot on the effective date hereof does not adjoin other land of the same owner available for use in connection with said lot."

"No lot on which a dwelling house . . . is situated, whether heretofore or hereafter placed, shall be reduced in area if such lot is smaller than is hereby prescribed, or if by such reduction it would be made smaller than is hereby prescribed . . . ."

There were also provisions for "special exceptions" in certain circumstances which need not be set forth in detail.

At the time when the ordinance took effect the plaintiff was the owner of a tract of land on the northerly side of Payson Street in an area which was restricted by the ordinance to single dwellings to be located on lots not smaller than 12,000 square feet. The plaintiff's tract contained 12,793 square feet. It was composed of two so called lots shown as lots 11 and 12 on "New Plat #49 on file at the Assessors' Office." Each "lot" contained slightly more than 6,000 square feet. The plaintiff had acquired these "lots" at different times from different sources. There was a dwelling house and garage on "lot 11." There was only a garage

on "lot 12." In 1944 the plaintiff sold "lot 11" with the buildings thereon to one Morris. The plaintiff now desires to build another dwelling house on "lot 12."

It is plain that any house now built by the plaintiff on "lot 12" would not be provided with a lot containing not less than 12,000 square feet as required by the ordinance for any dwelling house thereafter erected. But the plaintiff argues that he should have the benefit of the exception in § 12 of the ordinance that the section shall not prevent the erection of any building on any lot containing a smaller area if such lot on the effective date of the ordinance did not adjoin other land of the same owner available for use "in connection with said lot."

The difficulty with this argument is, we think, that on the effective date of the ordinance the plaintiff's lot did not contain a smaller area than 12,000 square feet. His lot was then composed of the two "lots" shown on the assessors' plan, contained slightly more than 12,000 square feet and had one house upon it. There is nothing to show that any part of this tract had been physically walled off or separated in any way from any other part, if that would make a difference, which we do not decide. The plaintiff's argument would require us to construe the word lot as used in the exception in § 12 as referring to a lot which corresponded with some "lot" shown on a plan in the assessors' office rather than to the lot as it actually existed upon the surface of the earth. We find nothing in this record to suggest that lots under the ordinance were to be determined by assessors' plans or assessments or according to sources of title. It would seem to us that an attempt to do this might lead to confusion in the enforcement of the ordinance.

The idea behind the exception in § 12 of the ordinance, even if obscurely expressed, seems to us to have been to save a person who at the time when the ordinance took effect had a vacant tract of a total area less than 12,000 square feet from the hardship of not being able to use it at all for residence purposes.

The result is that when the ordinance took effect the

plaintiff's land, like other land in the zone not within the exception, became subject to the restriction that he could not build a new dwelling upon it without providing a 12,000 foot lot for the new dwelling.

There is nothing in the record to show that the plaintiff comes within the class of those who may be allowed "special exceptions" under § 12.

It was for the board to decide whether a variance ought to be granted.. No error appears in its refusal.

*Decree affirmed.*