ALLEN A. DODGE & others *vs.* INSPECTOR OF BUILDINGS
OF NEWBURYPORT & others.

Essex.   January 7, 1960. — February 9, 1960.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Zoning.   Mandamus.   Building Inspector.   Permit.   Practice, Civil*
*Appeal, Exhibits.*

A zoning ordinance providing that in general residence districts "Any
front room in any house may be used by the owner or occupant . . .
as a small store for the sale of food, clothing or small wares.   But in
no case shall the owner or occupant be allowed to build any projection
beyond as a bay, or addition, which shall project beyond the front or
side of said building to be used for the purpose of a store, sale, or store
room, for the storage of goods to be sold on the premises," did not
authorize remodelling of a house internally by removal of partitions
between a front glass sun porch, hall, front room, den, and living room
and of the front stairs and stair well and use of such combined area
comprising the entire first floor of the house, except the kitchen and
the back porch, as a drug store and for serving sodas and light lunches.
[384–385]

Where it appeared that an application to the inspector of buildings of a
city requested issuance of a permit for "renovations (increase size of
front room)" of a house in a general residence zoning district in which
any front room in any house might be used as a small store for the
sale of food, clothing or small wares, that the application stated that
there was "to be a store in the lower story," that a permit was issued
"to remodel front room," that the applicant in violation of the zoning
ordinance remodelled not only the front room but almost the entire
lower story of the house and used the remodelled area as a drug store
and for serving sodas and light lunches, and that the building inspector
would take no action, there was no "order or decision" permitting
such violation from which owners of contiguous or nearby properties
could appeal to the city's board of appeals under G. L. c. 40A, § 13,
and they were not barred on the ground of availability of another
remedy from seeking by mandamus enforcement of the ordinance by
stopping the violation.   [385–386]

Upon appeal from a judgment in a mandamus proceeding heard on the
report of an auditor whose findings were final, exhibits before the
auditor but not included in his report and not otherwise included in
the record were not "in the record" within Rule 6 of the Rules for the

Regulation of Practice before the Full Court (1952), and could not be considered by this court, even though the trial judge filed a certificate excusing the reproduction of the exhibits "in the record on appeal." [386]

PETITION for a writ of mandamus filed in the Superior Court on December 15, 1958.

Robert E. Doyle and Dorothy A. Doyle were allowed to intervene.

The case was heard by *Morton*, J., on an auditor's report. The interveners appealed from a judgment for the petitioners.

*Walter J. Hurley*, (*James P. Reardon* with him,) for the interveners.

*James T. Connolly*, for the petitioners.

WHITTEMORE, J. In this petition for writ of mandamus filed December 15, 1958, against the inspector of buildings of Newburyport the petitioners sought to require enforcement of the zoning ordinance in respect of a dwelling at 376 High Street in the general residence district, and to end the use of the premises for a drug store, eating place and "large store" by Robert E. Doyle and wife, owners and occupants of the premises, and interveners herein. After an auditor's report, "findings of fact . . . final," on a motion for judgment on the report, judgment was entered for the petitioners. This is the appeal of the interveners. G. L. c. 213, § 1D.

The zoning ordinance, adopted September 30, 1940, provides that in a general residence district "Any front room in any house may be used by the owner or occupant of said house as a small store for the sale of food, clothing or small wares. But in no case shall the owner or occupant be allowed to build any projection beyond as a bay, or addition, which shall project beyond the front or side of said building to be used for the purpose of a store, sale, or store room, for the storage of goods to be sold on the premises."

Doyle on April 15, 1958, applied to the respondent inspector of buildings for a permit for "[r]enovations (increase size of front room)" in which an affirmative answer was given to the question "Is there to be a store in the

lower story?" The permit was issued May 27, 1958, "to remodel front room." Doyle and his wife took title by deed dated May 28, 1958, recorded September 8, 1958. Remodelling began after September 8, 1958, and was finished on December 10, 1958.

The interveners' house is on the corner of Upland Road and High Street and the petitioners are owners of contiguous or nearby properties. Prior to the remodelling, this one family house had a glass porch used, in summer only, for living purposes; the front entrance was through the porch into a small hall with stairs leading to the second floor; to the left of the hall was the front room and in the rear of this was a small den leading into a large living room, behind which were a kitchen and back porch.

The remodelling has removed the partitions between the glass sun porch, the front room, the den and the living room and has also removed the front stairs and stair well. The entire first floor, except the kitchen and back porch, has been made into the drug store premises, which have a frontage on High Street of about thirty feet and a depth of about thirty-seven feet. Doyle is a registered pharmacist and employs another, part time. The store is used to compound prescriptions and for the sale of patent drugs, numerous miscellaneous items now usually sold in drug stores, "crackers in package[s] to take out, or eat in store, . . . hot coffee, . . . hot chocolate, ice cream, sodas, milk shakes, frappes, [and] sundaes."

The auditor concluded that "prior to remodelling . . . the predominant use of the building . . . was residential" but thereafter "the predominant use . . . is a drug store and . . . the residential use is secondary," and that "[i]n so far as it is a question of fact . . . the use made by respondent Doyle is not in accordance with but is contrary to . . . [the] zone ordinance."

There was no error.

There are obvious violations of the zoning ordinance both in the space used and the business done. The ordinance does not in terms nor by implication provide that a front room

can be enlarged to include several other rooms and nearly all of the first floor area, and thereafter used as a store. The prohibition of a projection to be used as a store or sale room or store room does not imply authority to do internally what was done here. So far as this house goes Doyle is using for a store the front room, den, hall, living room and porch. We need not pause to determine what of all that was done might have constituted the use of a "front room ·. . . as a small store for the sale of food, clothing or small wares." The permitted uses do not encompass the conduct of a drug store. There is no authorization in the ordinance for the use of a front room to compound prescriptions or for the serving of sodas and light lunches.

The petitioners did not have another remedy. There was no "order or decision" from which to appeal under G. L. c. 40A, § 13.[1] *Atherton* v. *Selectmen of Bourne*, 337 Mass. 250, 258. The building permit to "remodel front room" did not show that a violation was in prospect. The application was notice to anyone who learned of it that "increase [in] size of front room" for store use was under way. To anyone who saw the application and who contended that any increase in size of the front room was invalid it was notice of proposed violation. However, the violation which the petitioners complain of is beyond anything reasonably suggested by the application and even if the petitioners were aggrieved by the issuance of the permit, this petition is not to try that issue but to force the inspector of buildings to stop the use of the remodelled premises as a drug store, that is, to enforce the zoning ordinance. The auditor found that the inspector of buildings would take no action in the premises unless ordered. There is no finding

---

[1] "An appeal to the board of appeals established under section fourteen may be taken by any person aggrieved by reason of his inability to obtain a permit from any administrative official under the provisions of this chapter, or by any officer or board of the city or town, or by any person aggrieved by any order or decision of the inspector of buildings or other administrative official in violation of any provision of this chapter, or any ordinance or by-law adopted thereunder.

"A zoning ordinance or by-law may prescribe a reasonable time within which appeals under this section may be taken."

or implication that the petitioners sat by while the interveners acted. The implication is to the contrary. The petition in paragraph 11 averred that "on learning of the intention of the . . . Doyles to use said premises not as a house but as a drug store . . . on October 20, 1958 [the petitioners], notified . . . Doyle . . . that they considered such a contemplated use to be in violation . . . and that court action would be brought if necessary . . ."; also that they did this "to save him the expense of undertaking an illegal operation . . . ." The interveners denied the allegations of paragraph 11 but "admit[ted] receiving a letter."

The record includes the judge's certificate excusing the reproduction of exhibits "in the record on appeal" but does not otherwise include them in the record. The interveners' brief asserts that they were exhibits before the auditor. The auditor's report does not include them by reference. As these exhibits are not "in the record" (Rule 6 of the Rules for the Regulation of Practice before the Full Court [1952], 328 Mass. 696) we may not consider them. *Clarke* v. *Board of Appeals of Nahant,* 338 Mass. 473, 475. *Davis & O'Connor Co.* v. *Shell Oil Co. Inc.* 311 Mass. 401. We have inspected them, however, and note that were they before us they would not affect our decision.

*Judgment affirmed.*