ALBERT C. GENNACO *vs.* FRANK RUGGIERO & another. February 8, 1972. Mr. Gennaco, an attorney, offered for probate a will in which he was named as executor, drawn by him for Vincenzo Ruggiero (the testator) who died at the age of eighty-six on January 3, 1969. The will, dated April 1, 1964, was allowed. Two of Ruggiero's eight children appealed. The evidence, recorded by a stenographer, was not designated by the appellants as part of the record. The report of material facts contained findings that the testator duly executed his will and was aware of its contents, "had sufficient testamentary capacity," was subject to no undue influence, and had knowledge of his property. The appellants now seek to add to the record the transcript of testimony without requiring its reproduction. The transcript has been obtained from the register of probate and we have examined it in passing upon their motion. The judge's conclusions are justified by his subsidiary findings. He was not required to make findings of material facts on the basis of evidence other than that which he believed and regarded as significant. The appellants in their brief make no specific references to the transcript. They have not established that the judge unjustifiably refused to modify his report of material facts, even if (where the evidence is not reported) we may consider the exhibits transmitted to us under S.J.C. Rule 1:06 (351 Mass. 735). See *Clarke* v. *Board of Appeals of Nahant,* 338 Mass. 473, 475. The testator is not shown as matter of law to have lacked knowledge of his property because he had previously given to members of his family or to a family corporation deeds of land or interests in land later devised by his 1964 will. The judge was not required (a) to believe that the testator lacked testamentary capacity on April 1, 1964, merely because a conservator (later discharged by consent on November 27, 1967) was appointed for him on January 7, 1966 (succeeding a temporary conservator appointed April 27, 1965), or because of peculiarities of behavior and conversation merely hinted at in the record and inadequately argued in the appellants' brief, or (b) to infer undue influence by a son who received specific devises and inter vivos gifts.

*Motion to expand record denied.*
*Decree affirmed*

The case was submitted on briefs.
*John J. Graham* for the contestants.
*Paul F. Lehan* for the proponent.