Muse, Christopher J., A.J.
On December 29, 2003, the plaintiff, Siddharth Siddharth, signed a purchase and sale agreement for a parcel of land, containing a two-family residence, located on Ivanhoe Avenue, Yarmouth.[2] The parcel of land is comprised on two lots, known as Lots 15 and 16. Lot 16, which has been held in common ownership with Lot 15 since 1966, does not separately comply with Yarmouth’s current area and frontage requirements and therefore requires an exception under the Yarmouth Zoning Bylaw. Pursuant to section 104.3.4.(2) of the bylaw, Lot 16 is exempt from increased dimensional requirements if (1) Lot 16 is a separate and distinct lot and (2) not more than three lots on the subdivision plan take advantage of the exemption afforded under this section.
Prior to the signing of the purchase and sale agreement, Richard F. Martin, a real estate broker, had submitted a Building Lot Inquiry Form to the Yarmouth Building Inspector. After inquiry, the Building Inspector concluded that the lot was not buildable. An appeal was then taken to the Yarmouth Zoning Board of Appeals. On April 1, 2004, the Board issued a decision upholding the Building Inspector’s denial. In reaching this decision, the Board found that Lot 16 was not entitled to separate zoning protection because: (1) Lots 15 and 16 had been in common ownership for foriy years; (2) Lots 15 and 16 had been merged by prior owners using a portion of Lot 16 for the septic system for Lot 15; (3) the two lots had been assessed as one for approximately thirty years; and, (4) certain deeds of Lots 15 and 16 convey the property as a single unified lot. As the Board found that Lot 16 is not a separate lot, it did not make a determination on the second prong of section 104.3.4(2).
Siddharth has since appealed the Board’s decision to the Superior Court.[3] On August 16, 2006, this court conducted a de novo trial[4] on the issue of whether the conduct of the prior owners of Lots 15 and 16 effectively merged the commonly owned lots into a single lot. In arguing that this court should affirm the Board’s decision, the defendants rely on the chain of title for the subject property. In that chain of title, beginning in 1979 and continuing until the most recent deed (1992), Lots 15 and 16 are essentially conveyed as one lot,[5] pursuant to the following description:
Southerly by the side line of Ivanhoe Avenue, a 40’ private way, 170.00 feet;
Westerly by Lots 17, 100.00 feet;
Northerly by Lots 7 and 8, 170.00 feet; and
Easterly by Lot 14, 100.00 feet.
The description further describes the properly as “(b]eing shown as Lots 15 and 16 containing an area of 17,000 square feet of land on a plan . . .”[6] The referenced plan depicts Lots 15 and 16 as distinct lots, both of which were buildable under the then existing zoning regulations.
The plaintiff counters that despite the common ownership of Lots 15 and 16, Lot 16 remains a separate and distinct lot because the defendants can cite to no conduct by the owners, beyond the deed descriptions, that indicates that the owners intended to treat Lots 15 and 16 as one. The plaintiff further asserts that because the Yarmouth Zoning Bylaws do not contain a definition of the word “lot,” this court must look to the plan, which shows the two separate lots.

DISCUSSION

Upon the implementation of increased zoning dimensional requirements, adjoining lots held in common ownership are generally deemed merged to satisfy the new zoning requirements. See Seltzer v. Bd. of Appeals of Orleans, 24 Mass.App.Ct. 521, 522 (1987) (explaining that “adjacent lots in common ownership will normally be treated as a single lot for zoning purposes so as to minimize non-conformities with the dimensional requirements of the zoning bylaw or ordinance”); see also Vetter v. Zoning Bd. of Appeal of Attleboro, 330 Mass. 628, 630 (1953) (holding non-grandfathered undersized vacant lot adjoined to land in common ownership could not be separately built upon). However, pursuant to G.L.c. 40A, §6, ¶4, and certain more-indulgent local bylaws, single and two-family residential lots may qualify for exemption from zoning ordinances or bylaws that increase area, frontage, width, yard, or depth requirements. G.L.c. 40A, §6, ¶4; Seltzer, 24 Mass.App.Ct. at 521-22 (1987); Lee v. Bd. of Appeals of Harwich, 11 Mass.App.Ct. 148, 154 (1981). Absent contrary actions by the property owners, these local bylaws effectively prevent the ap *716 plication of the merger doctrine to qualifying lots. See Seltzer, 24 Mass.App.Ct. at 524 (relying on local zoning bylaw providing for lot redrawing to prevent merger and allow development of the adjoining non-conforming lot); Lee, 11 Mass.App.Ct. at 154 (allowing development on substandard lot grandfathered under town bylaw); see also Preston v. Bd. of Appeals of Hull, 51 Mass.App.Ct. 236, 240 (2001) (noting cases relying on indulgent local bylaws).
In the present case, section 104.3.4(2) of the Yarmouth Bylaws prevents the application of the merger doctrine to two or three adjoining lots[7] “. . . provided the plan for such lot was duly record or endorsed and such lot was held in common ownership with contiguous lots and had less than the dimensional and density requirements of the newly effective zoning but contained at least seven thousand five hundred (7,500) square feet and seventy-five (75) feet of frontage . . .” As Lot 16 is depicted on a plan, held in common ownership with the contiguous lot at the time of the zoning change, and meets the dimensional requirements, absent merger, it meets the section 104.3.4(2) requirements. Therefore, absent action by the owners and/or prior owners indicating merger, section 104.3.4(2) prevents the merger of Lots 15 and 16, and Lot 16 is separately buildable.
The crucial inquiry in determining merger is whether the lot retains a separate identity. Lindsay v. Bd. of Appeals of Milton, 362 Mass. 126, 131 (1972) (holding undersized lot held in common ownership with adjoining lot did not retain a separate identity because deed conveyed the two lots as one lot and the property had been jointly assessed as one lot). Factors examined in determining separate identity include: (1) the physical division of the lots by a fence or wall; (2) the location of structures on the lot(s); (3) the means in which the lot is assessed; and, (4) the description of the lots in the deed.[8] See e.g. Lindsay, 362 Mass. at 131; Vetter, 330 Mass. at 630; Heald, 7 Mass.App.Ct. at 291. Thus, the determination of separate identity is a factual question for the court.
The facts in the present case are virtually indistinguishable from Lindsay, 362 Mass. at 131. Here, the deeds after 1979 treat Lots 15 and 16 as one parcel, with one set of metes and bounds, and one area (17,000 square feet). Id. This description indicates an intention by the prior owners to identify the lots as one. Merely referring to the Lots 15 and 16 in a deed description describing the lots as one does not suffice, without more, to maintain their distinct status. Id. Furthermore, the Assessor’s map depicts Lots 15 and 16 as one. Exhibit 1, Document 3. Although this is not outcome determinative, the Assessor’s treatment supports this court’s findings. Lindsay, 362 Mass. at 131. Therefore, this court finds that the conduct of the prior owners effectively merged Lots 15 and 16 into one. Siddharth has not offered compelling evidence to demonstrate a separate and distinct identity for Lot 16.
Siddharth argues that due to the absence of a definition of the term “lot” in the Yarmouth Zoning Bylaws, this court should instead look to the plan as set forth in section 104.3.4(2). However, even looking to that plan, which was recorded in 1966, this court must still consider whether a merger occurred after that date. If a subsequent merger occurred, Lot 16 is not protected under the bylaw. Cf. Seltzer, 24 Mass.App.Ct. at 522-23 (indulgent bylaw allowing property owner to re-draw lot lines thereby effectively avoiding merger implications of conduct occurring subsequent to the plan). As the first evidence of merger does not arise until 1979, reference to the plan is not compelling. Siddharth’s attempt to distinguish Lindsay because the Yarmouth zoning bylaw does not include a definition of lot is therefore unavailing.

ORDER

For the reasons stated herein, this court finds and rules in favor of the defendants. Due to the merger of Lots 15 and 16, there is no basis upon which to overturn the decision of the Board. The Board’s decision denying the special permit is affirmed.

On December 29, 2003, Vincent J. and Linda L. Visco held record title to the subject premises as Trustees of the Linda L. Visco Living Trust. The purchase and sale agreement, however, was signed only by Vincent J. Visco in his individual capacity.

Duringthe course of the August 16, 2006, trial the parties agreed that a presumptive purchaser under a purchase and sale agreement is an aggrieved party pursuant to G.L.c. 40A, §17. Therefore, Siddharth has standing to pursue this appeal.

During the course of the August 16, 2006, trial the parties jointly submitted one exhibit containing eleven documents relevant to the disposition of this matter.

Lots 15 and 16 have been held in common ownership since at least 1966. Between 1966 and 1979, Lots 15 and 16 were conveyed as part of a large tract and then together with Lots 3, 4, 7, 11, 12, and 14 as distinct lots.

The 17,000 square feet represents the area of Lots 15and 16 combined.

During the course of the August 16, 2006, hearing the parties agreed to stay the issue of whether Lot 16 was held in common ownership with more than three lots, pending this court’s ruling on the merger doctrine’s applicability.

In certain instances, the Massachusetts appellate courts have placed minimal emphasis on these factors. See e.g. Lindsay, 362 Mass. at 131 (“The mere fact that the [deeds] refer to [multiple lots] is insufficient to give rise to a presumption of intention to preserve the lots designated therein”); Vetter, 330 Mass. at 630 (There is nothing to show that any part of this tract had been physically walled off or separated m any way from any other part, if that would make a difference, which we do not decide”); Heald v. Zoning Bd. of Appeals of Greenfield, 7 Mass.App.Ct. 286, 291 (1979) (“Assessment practices serve only as ‘some indication of the status of tire property’ ’j; see also Dowling v. Bd. of Health of Chilmark, 28 Mass.App.Ct. 547, 548-49 (1990) (holding that road separating the co-owned lots constituted a substantial physical barrier that prevented the use of the two parts of the property as a unit, because properly was deeded together was not a buildable lot).