JOHN MARAGHEY & others *vs.* BERNARD M. TARPEY, administrator, & others.

Suffolk.     April 6, 1956. — May 9, 1956.

Present: QUA, C.J., WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Equity Pleading and Practice,* Parties, Report of evidence, Appeal. *Attorney at Law.*

One of three agents holding in escrow a sum of money which was the subject of a suit in equity for declaratory relief was properly joined with the other two escrow agents as a party to the suit although he acted therein as attorney for the plaintiffs. [159]

Denial of a request for a report of the evidence in a suit in equity under G. L. (Ter. Ed.) c. 214, § 24, as amended by St. 1947, c. 365, § 1; Rule 76 of the Superior Court (1954), filed seven weeks after the requesting party had appealed from the final decree and presented to the judge for action six months after the appeal, on the record imported a finding that the requesting party had not acted with reasonable diligence and disclosed no error. [159–160]

Attorneys representing clients interested in a fund held by the attorneys in escrow would be entitled to be paid by their clients and should not be allowed compensation from the fund. [160]

BILL IN EQUITY, filed in the Superior Court on June 8, 1953.

An interlocutory decree overruling a demurrer to a counterclaim was entered by *Fairhurst,* J., and the final decree and a decree denying a request for a report of the evidence were entered by *Forte,* J.

*J. Sherman Rogan,* for the plaintiffs.
*Lazarus H. Goldberg,* for the defendant Tarpey.
*Joseph P. Graham,* for the defendant Graham.

WHITTEMORE, J.   This bill for a declaratory decree filed by three of four residuary legatees under the will of Bernard Maraghey laid claim to a $2,000 fund held in escrow by three attorneys, two of whom were named as defendants. The fourth residuary legatee, Veronica M. Tarpey, was dead, and the administrator of her estate was named as a defendant with the recital that the administrator claimed the fund adversely by virtue of an assigned mortgage debt secured by a mortgage of real estate of the plaintiffs' testator. It was alleged that the parties had agreed to the sale of the real estate and the placing in escrow of proceeds of the sale in place of the mortgage. The third escrow agent was the plaintiffs' attorney, not made a party by the bill. The prayers were that the fund be adjudged the property of the four residuary legatees under Maraghey's will and for "other and further relief."

The defendant administrator in his answer set up his counterclaim under the mortgage note, mortgage and assignment and prayed that the fund be adjudged to belong to him as administrator and ordered paid to him. Pursuant to another prayer of the counterclaim the third escrow agent was made a party. A demurrer filed by him was overruled and he claimed an appeal. He and the plaintiffs answered the counterclaim. The plaintiffs later moved to dismiss their bill for a declaratory decree and this motion was allowed without prejudice to the right of the defendant administrator to an adjudication upon his counterclaim. No appeal was taken from the decree dismissing the bill. After hearing, a final decree was entered on the counterclaim on February 25, 1955, ordering the fund with accrued interest paid to the defendant administrator. The plaintiffs appealed from this decree cn March 16, 1955. On May 5, 1955, the plaintiffs filed a written request that the evidence at the trial be reported. This was denied after hearing on September 16, 1955, and the plaintiffs appealed. On September 27, 1955, the plaintiffs' attorney filed an affidavit making oath that on or about March 12, 1955, he presented to the trial judge in the Superior Court "for allowance the

plaintiffs' request that the evidence at the trial be reported . . . ."

We find no error.

The demurrer was frivolous. The counterclaim plainly was not multifarious or vague, as, in substance, claimed, and it did not fail to state a "cause of action" against the third escrow agent. The plaintiffs' attorney had drawn and filed the bill making parties the two other escrow agents. Obviously they, and he, were joined to enable a decree to be made, as was done, directing them to pay over the fund.

No error appears in the denial of the request that the evidence be reported. Neither the statute (G. L. [Ter. Ed.] c. 214, § 24) nor the applicable Superior Court rule (76) specified the time within which the request must be made. The policy manifested in the statutory provisions governing the processing of appeals requires, however, that any party wishing a report of the evidence act with reasonable diligence in requesting it and bringing the request to the judge's attention for action. The request having been allowed we have held that it is by implication the duty of the appellant to procure the transcript and to do so with reasonable diligence. *Trade Mutual Liability Ins. Co.* v. *Peters,* 291 Mass. 79, 84–85. *McKellar* v. *Hazen,* 325 Mass. 714, 717. The rule applies equally to the preliminary step. The amendment of G. L. (Ter. Ed.) c. 214, § 24 (St. 1947, c. 365, § 1), which deleted the requirement that the request be "made before any evidence is offered" (*Teal* v. *Jagielo,* 327 Mass. 156) speaks against a time limit for the request which is not reasonably required by the policy of expeditious appeal. The first sentence of the statute now reads, "Upon an appeal, the testimony of witnesses who have been examined orally before a justice of either court shall, at the request of any party, be reported to the full court." This reasonably speaks of a request which may be made "upon an appeal." Failure to make the request promptly after a claim of appeal is filed necessarily means delay in getting the case to this court. These considerations give the substance of the applicable rule.

The second sentence of the statute ("The courts shall provide by general rules for some convenient and effectual means of having the same reported by the justice by whom the case is heard or by a person designated by him for that purpose") appears to permit the Superior Court expressly to state the rule and to provide the time after claim of appeal within which a party will be required to act in the usual case. In the absence of such a provision in Rule 76 it was necessary for the trial judge to determine whether the appellants who had claimed appeal on March 16, 1955, had acted with reasonable diligence in filing the request on May 5, 1955, and presenting it for action in September, 1955. The denial of the request, in the absence of any contrary finding, imports a finding of all subsidiary facts necessary to justify the action. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 85. There is nothing to show that the substance of the affidavit of September 27, 1955, was before the judge on September 16, 1955. It would not control his finding in any event.

The final decree was appropriate under the counterclaim, and in the absence of the evidence there is no basis for asserting error therein.

The escrow agents represented interested parties and would be entitled to be paid by their clients, the legatees or estates concerned. The request to this court of William F. A. Graham, Esquire, as escrow agent for compensation to be paid from the fund is denied.

The interlocutory decree overruling the demurrer and the order denying the motion that the evidence be reported are affirmed. The final decree is affirmed with costs of the appeal to the defendant Tarpey, administrator.

*So ordered.*