ROGER A. BRASSARD & another *vs.* ROBERT T. FLYNN & others.

Bristol. December 7, 1966. — March 6, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Way,* Private: extent, fee of way, parking. *Deed,* Property conveyed. *Easement.*

A deed conveying the lots on both sides of a private way, without specific reference to the fee of the way, also owned by the grantors, might warrantably be found to have conveyed the fee of the way as well as the lots. [188]

A conveyance of a lot described in part as bounded "on" a private way included the fee of the way to its center along the lot in the absence of anything showing a contrary intent of the parties to the deed. [188–189]

The owners of the fee in one half of a section of a private way were entitled to park automobiles on that half in such a manner as not to interfere with any rights of others therein. [189]

An easement appurtenant to a lot of land to use an adjacent private way "for all purposes connected with the use of" the lot "and for all purposes for which streets may now or hereafter commonly be used in" the municipality permitted more than mere ingress and egress over the way but did not permit any use of the way unconnected with the lot. [189–190]

BILL IN EQUITY filed in the Superior Court on November 18, 1964.

The suit was heard by *Chmielinski, J.*

*Joseph R. Cleary* for the defendants.

No argument or brief for the plaintiffs.

REARDON, J. This bill in equity was brought to enjoin the defendants from using a private road except.for ingress and egress to a parcel of land owned by the defendants Flynn, and from parking their automobiles thereon. The road, Curtis Street, is approximately 700 feet long and 40 feet wide. The plaintiffs own and occupy land on the easterly side of the road and normally use it to enter and leave their residence. The defendants Flynn own two parcels of land on the westerly side of Curtis Street. Parcel No. 1, which borders Curtis Street for 194 feet, is presently occupied by the defendants Bragg as tenants of the defendants Flynn. It lies between Curtis Street and parcel No. 2, which borders it on the west and is occupied by the Flynns. The case was referred to a master whose report was confirmed by interlocutory decree. A final decree was entered enjoining the defendants from using Curtis Street except for ingress and egress in connection with parcel No. 1, and from parking their automobiles thereon. The defendants appeal from the final decree.

The master found the pertinent facts to be as follows. The title to parcels No. 1 and No. 2, and to the premises upon which the plaintiffs now reside, as well as to Curtis Street, was held under common ownership by the plaintiffs' predecessors. In 1947, William Holdsworth conveyed to himself and his wife thirty-two lots of land on the west side of Curtis Street, which included parcels No. 1 and No. 2, and thirty-eight lots of land on the east side of Curtis Street, which included the land upon which the plaintiffs now reside. By the same deed Holdsworth also conveyed a third tract of land described as "that part of Curtis Street" bounded on its entire length on the east and west sides by said lots of land. The plaintiffs, by deed in 1955, acquired title to the thirty-two lots of land described as lying "on

the westerly side of Curtis Street'' and thirty-eight lots of land ''on the easterly side of said Curtis Street.'' This deed contained no reference to Curtis Street itself. A deed in 1964 from William Holdsworth and his wife purported to convey to the plaintiffs title to Curtis Street. In 1955, the plaintiffs conveyed parcel No. 2 to the defendants Flynn. In that same year the plaintiffs conveyed parcel No. 1, described in part as ''bounding easterly on said Curtis Street one hundred ninety-four (194) feet to a corner,'' to Alfred G. Colby and his wife. The plaintiffs later granted, by an indenture dated in 1961, to the Colbys, ''their heirs and assigns,'' an easement, ''said easement having been omitted by error'' from the 1955 deed from the plaintiffs to the Colbys. The easement, by its terms, granted the right ''to use said private road, to-wit, Curtis Street, . . . for all purposes connected with the use of said Grantees' land and for all purposes for which streets may now or hereafter commonly be used in said Town of Seekonk, including, but not limiting the foregoing use, as a right of way over said Curtis Street . . ..'' In 1962, the defendants Flynn purchased parcel No. 1, together with the aforementioned easement, from the Colbys.

The plaintiffs, who claim that they own the fee in Curtis Street, maintain that the use by all of the defendants of the road for parking their automobiles is not authorized by the terms of the above easement. The defendants Flynn assert that the use of the road for parking by themselves and their tenants is in accord with their alleged ownership in fee to the center of Curtis Street as well as the terms of the easement acquired by them. The issues to be resolved are (1) whether the defendants Flynn own the fee in the westerly side of Curtis Street, and (2) whether present use of the road by all the defendants is consistent with either the Flynns' alleged ownership in fee of half the road or the terms of the easement.

1. The master found, so far as it is a question of fact, that the plaintiffs by their deed to the Colbys describing in part the property conveyed as ''bounding easterly on said

Curtis Street'' thereby conveyed title to the center of Curtis Street. If so, the defendants Flynn, by virtue of similar language in the deed conveying parcel No. 1 to them, also acquired the fee to the westerly half of the road along that parcel.

Any such finding necessarily depends on the subsidiary finding that the plaintiffs owned Curtis Street at the time they conveyed parcel No. 1 to the Colbys. Although there was no express grant of the fee in Curtis Street when the plaintiffs acquired from the Holdsworths in 1955 thirty-two lots of land ''on the westerly side of Curtis Street,'' including parcels No. 1 and No. 2, and thirty-eight lots of land ''on the easterly side of said Curtis Street,'' the master found that as far as intention is a matter of fact, the fee to Curtis Street was also conveyed at this time.[1] We are of the opinion that the master was warranted in drawing such an inference. We cannot believe that the grantors, when conveying the tracts on each side of Curtis Street, intended to retain the road which was then of minimal value to them. See *Erickson* v. *Ames,* 264 Mass. 436, 443.

Given the determination that the plaintiffs owned Curtis Street, the defendants invoke the rule of construction that ''. . . the mention of a way as a boundary in a conveyance of land is presumed to mean the middle of the way, if the way belongs to the grantor.'' *Murphy* v. *Mart Realty of Brockton, Inc.* 348 Mass. 675, 679–680. *Erickson* v. *Ames,* 264 Mass. 436, 443. Cf. *Crocker* v. *Cotting,* 166 Mass. 183, 185. This presumption also applies where a private way is given as a boundary. *Gray* v. *Kelley,* 194 Mass. 533. *Murphy* v. *Mart Realty of Brockton, Inc., supra,* at 680. Notwithstanding the presumption, the basic question is always to ascertain the intent of the parties as manifested by the written instrument and the attendant circumstances. *Erickson* v. *Ames, supra,* at 444. *Suburban Land Co. Inc.* v. *Billerica,* 314 Mass. 184, 189–190. *Murphy* v. *Mart*

---

[1] The master further found that the 1964 conveyance to the plaintiffs of the fee in Curtis Street was merely confirmatory of title previously passed.

*Realty of Brockton, Inc., supra,* at 680. No evidence has been presented to rebut the presumption that the parties intended that the fee to the center of the road be conveyed. The findings made and conclusions drawn by the master were warranted. See *Daviau* v. *Betourney,* 325 Mass. 1.

The defendants Flynn are thus the owners of the fee in the westerly half of Curtis Street along parcel No. 1. As such they are entitled to make any use of their property which does not interfere with any rights that the plaintiffs or others may have in the road.[2] See *Merry* v. *Priest,* 276 Mass. 592, 599–600; *Carter* v. *Sullivan,* 281 Mass. 217, 225. See also *Delconte* v. *Salloum,* 336 Mass. 184, 190, and cases cited. Such use would include the parking of automobiles by all the defendants on the side of Curtis Street owned by the Flynns, which parking, as found by the master, "was not a substantial obstruction in that [the plaintiffs'] ingress and egress was unimpaired."

2. There still remains the question of what rights the defendants may have in the easterly half of Curtis Street under the terms of the easement granted by the plaintiffs to the Colbys in 1961, which easement passed to the defendants Flynn by deed, as well as by G. L. c. 183, § 15, in 1962. The court below restricted the use of Curtis Street by all the defendants to ingress and egress, and then only for purposes connected with parcel No. 1. The terms of the easement, however, provided that the grantees, "their heirs and assigns," were permitted "to use said private road, to-wit, Curtis Street, . . . for all purposes connected with the use of said Grantees' land and for all purposes for which streets may now or hereafter commonly be used in said Town of Seekonk, including, but not limiting the foregoing use, as a right of way over said Curtis Street . . . ." These terms permitted more than ingress and egress only.

---

[2] The plaintiffs' deed of conveyance in 1955 of parcel No. 1 to the Colbys contains no express reservation of any right of passage or otherwise over the westerly half of Curtis Street. See, e.g., *Krinsky* v. *Hoffman,* 326 Mass. 683, 685. Cf. *O'Shea* v. *Mark E. Kelley Co.* 273 Mass. 164, 167–168. Nor has there been any showing that an easement was impliedly reserved by the plaintiffs at the time of the conveyance. Cf. *Joyce* v. *Devaney,* 322 Mass. 544, 548–549, and cases cited.

Plante *v.* Medford.

There being no evidence that the defendants Bragg, as tenants of the dominant tenement, used Curtis Street for any purpose not connected with parcel No. 1, any restriction of their use of the way, including the easterly half owned by the plaintiffs, is not warranted by the terms of the easement. Since the easement is appurtenant to parcel No. 1, the use of the easterly half of Curtis Street by the Flynns for uses unconnected with parcel No. 1 would constitute an overload upon the easement. *Davenport* v. *Lamson,* 21 Pick. 72. *Greene* v. *Canny,* 137 Mass. 64. *Randall* v. *Grant,* 210 Mass. 302. *Ball* v. *Allen,* 216 Mass. 469, 474. *Cooley* v. *Boston & Maine R.R.* 303 Mass. 371, 374–375. *Murphy* v. *Mart Realty of Brockton, Inc.* 348 Mass. 675, 679.

3. The decree is reversed. A new decree is to enter allowing the defendants Flynn to make all use of the westerly half of Curtis Street adjacent to parcel No. 1 consistent with their ownership of that portion of the road, and allowing use by them of the easterly half of Curtis Street under the easement for purposes solely connected with their ownership of parcel No. 1, all subject to the rights of others entitled to use Curtis Street, and dismissing the bill against the defendants Bragg.

*So ordered.*