ROBERT T. FLYNN vs. ROGER A. BRASSARD & another.[1]

Bristol.    December 10, 1973. — January 23, 1974.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Equity Pleading and Practice,* Appeal, Report of evidence, Report of
    material facts, Exhibits, Findings by judge.  *Evidence,* Judicial
    notice.

The evidence in a suit in equity was not before this court on appeal
    where, although the evidence apparently had been taken by an
    official stenographer, it did not appear that the stenographer had
    been designated by the trial judge to report the evidence under Rule
    76 of the Superior Court (1954).  [679-680]
In a suit in equity in which the evidence was not reported, exhibits not
    made a part of a report of material facts by the judge were not
    considered by this court.  [680-681]
Judicial notice was taken of a Supreme Judicial Court opinion and the
    original papers comprising the record in an earlier, related
    case.  [681-683]
A suit in equity must be remanded to the trial court for a complete retrial
    where the evidence was not reported, the exhibits were not properly
    part of the record, the final decree was not supported by a report of
    material facts by the trial judge or by anything found or decided in an
    earlier, related case, and the trial judge had retired.  [682-683]

BILL IN EQUITY filed in the Superior Court on October 27,
1971.

The suit was heard by *Frank E. Smith,* J.

*Charles E. Bennett* for the defendants.

*Talbot T. Tweedy* for the plaintiff.

GRANT, J.    In the case of *Brassard* v. *Flynn,* 352 Mass.
185 (1967),[2] the Supreme Judicial Court determined cer-
tain rights (both in fee and by way of easement) of the

---

[1] Jacqueline C. Brassard.

[2] That case will sometimes be referred to in this opinion as "the earlier case."
Other litigation between the parties is reported in *Flynn* v. *Seekonk,* 352 Mass. 71
(1967).

parties to the present litigation in so much of Curtis Street, a private way in Seekonk, as lies along the 194 foot easterly boundary of a parcel of land acquired by the present plaintiff (plaintiff) and his wife in 1962. The plaintiff,[3] who was a defendant in the earlier case, has now brought a bill by which (as amended) he seeks to have the present defendants (defendants), who were the plaintiffs in the earlier case, (1) enjoined from further digging up and destroying the surface and from altering the contour of a portion of Curtis Street which lies entirely to the south of the plaintiff's property, (2) ordered to restore the dug up surface to its former condition, and (3) enjoined from interfering with what the plaintiff alleges are his rights to use and enjoy the portion of the way which lies to the south of his property. The defendants have appealed from a final decree of the Superior Court which ordered them to restore the dug up portion of the way but which did not address itself, directly or indirectly, to any of the other issues raised by the pleadings.

The case is fraught with procedural and other problems which effectively prevent us from determining the propriety of the court's truncated decision.

It would seem from rubber stamp and other markings made on exhibits which have been physically transmitted to us (and which will be discussed shortly) that when this case was tried the evidence was in fact taken by an official stenographer appointed by the Superior Court under the provisions of G. L. c. 221, § 82, as amended through St. 1927, c. 332, § 1.[4] However, there is nothing in the record or in the docket entries to disclose that the trial judge ever acted under the provisions of Rule 76 of the Superior Court (as amended effective January 1, 1958)[5] to

---

[3] The plaintiff's wife was a defendant in the earlier case but does not appear as a plaintiff in the present case.

[4] The amendment of § 82 effected by St. 1973, c. 562, is not material.

[5] "Upon an appeal, where a report of the testimony has been requested as provided in G. L. c. 214, § 24, [and where such request is made in twenty days after the filing of the appeal,] or where the court directs such a report, the stenographer or other person *designated by the justice* shall report the same by

designate that stenographer to report the evidence for the purposes of G. L. c. 214, § 24 (as amended by St. 1947, c. 365, § 1). The trial judge filed voluntary findings and an order for a decree. The defendants thereafter filed, and the trial judge immediately denied, a motion under Rule 76 that the stenographer who seems to have taken the evidence be formally designated for that purpose nunc pro tunc as of the time of the original hearing. The final decree appealed from was thereupon entered. With their claim of appeal the defendants filed a timely request for a statutory report of material facts as well as a request that the evidence be reported. The latter request was promptly denied. We have thus been deprived of whatever benefit might have flowed from a report of the evidence. *Price* v. *Price,* 348 Mass. 663, 665 (1965), cert. den. 382 U. S. 820 (1965). *Ryan* v. *Superintendent of Schools of Quincy,* 363 Mass. 731, 734-735 (1973).

Some twenty-two exhibits seem to have been received in evidence before the trial judge. Except for four photographs of the dug up portion of Curtis Street which comprise one exhibit, the exhibits consist largely of recorded deeds and plans. With the exception of the photographs, none of the exhibits was referred to or otherwise incorporated by reference in the findings made by the trial judge. See *Jenckes* v. *Building Commr. of Brookline,* 341 Mass. 162, 163 (1960). Following the retirement of the trial judge another judge of the Superior Court, who does not appear to have had any previous connection with the case, purported to certify all the exhibits "under Rule 6 of the Appeals Court" (sic). That certification was ineffective to make the deeds and plans parts of the record or otherwise to bring them before us for our consideration. *Kent* v. *Water Commrs. of the Barnstable Fire Dist.* 339 Mass. 160, 162-

---

filing a certified transcript thereof in the clerk's office, subject to the right of the justice to direct that the report, before copies thereof are prepared for the use of the [S]upreme [J]udicial [C]ourt, be submitted to him for such correction as he may direct after hearing" (emphasis supplied). The bracketed words were inserted to become effective January 1, 1958, in all likelihood to remove previous uncertainty as to the timeliness of a request for a report of the evidence. See *Maraghey* v. *Tarpey,* 334 Mass. 157, 158-160 (1956).

163 (1959). *Dodge* v. *Inspector of Bldgs. of Newburyport,* 340 Mass. 382, 386 (1960). *Castle Estates, Inc.* v. *Park & Planning Bd. of Medfield,* 344 Mass. 329, 330, n. 1 (1962). Contrast *Clarke* v. *Board of Appeals of Nahant,* 338 Mass. 473, 475 (1959).

The trial judge, in response to the aforementioned request of the defendants, adopted his voluntary findings as a statutory report of material facts. That report, which occupies but one page of the printed record, contains absolutely no findings of fact which support a ruling of law (necessarily implicit in the entry of the final decree) that the plaintiff has rights in the portion of Curtis Street which is now in controversy. The trial judge contented himself with the single statement that "[t]his way has been the subject of a prior suit wherein the area has been described and the rights of the parties therein specifically defined. Brassard v. Flynn, 352 Mass. 185." Accordingly, the final decree must fall (*Barnhart* v. *Board of Appeals of Scituate,* 343 Mass. 455, 457 [1962]; *Maddams* v. *Maddams,* 352 Mass. 32, 34 [1967]; *Shapiro* v. *State Farm Mutual Ins. Co.* 355 Mass. 54, 55-56 [1968]) unless, as matter of law, the earlier case determined the rights of the parties in the portion of Curtis Street now in dispute.

We can and do take judicial notice of the opinion of the Supreme Judicial Court and of the original papers comprising the record in the earlier case. *Culhane* v. *Foley,* 305 Mass. 542, 543 (1940). *Matter of Welansky,* 319 Mass. 205, 210 (1946). *Poland* v. *New Bedford, Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.* 342 Mass. 75, 77, n. 2 (1961), and cases cited. A perusal of that opinion and of those papers (including the careful findings of the master) leads us to the conclusions (1) that the decisions of both the courts there involved were confined to the rights of the parties in and to that portion of Curtis Street (there and here said to be 700 feet long) which lies adjacent to the 194 foot easterly boundary of the parcel purchased by the plaintiff and his wife in 1962 and (2) that neither court, in reaching its decision, was required to or did determine the rights of the parties in that portion of Curtis Street which

lies to the south of the plaintiff's property and is now in controversy.[6]

We are thus left with a final decree which must be reversed because not supported by the subsidiary findings appearing in the statutory report or by anything found or decided in the earlier case. The trial judge having retired, there is no way of remanding the case for further consideration or action by him. The evidence not having been reported, there is no way in which we can decide the case according to our judgment as to the facts. Contrast *Skil Corp.* v. *Barnet,* 337 Mass. 485, 487-488 (1958). If (as we decline to do) we were to depart from established principles by studying the exhibits which seem to have been received in evidence in this case, we would have to conduct our study in almost total ignorance of the attendant circumstances (with respect to the southerly portion of Curtis Street) in which probably relevant plans and deeds were prepared, executed, delivered and recorded.[7] As there is nothing to suggest that the plaintiff would have met with any greater success than the defendants in any effort to present us with a workable or intelligible record, and as there is a possibility that the partial decision of the Superior Court may be correct, we do not think the plaintiff should be penalized by an order requiring that his bill be dismissed. In the peculiar circumstances of this particular case we are of the opinion that the needs of the parties and the ends of justice will be better served by a complete retrial of the entire matter.

---

[6] Eleven of the deeds and plans seemingly received in evidence in this case were among the fifteen received in that case, but none of the eleven was incorporated in or otherwise made part of the master's report except for the limited purpose of allowing the Superior Court to determine the sufficiency of the evidence to warrant certain findings made by the master. A purported certification of all the exhibits was ineffective for the reasons stated in this opinion. The easement deed considered in the earlier case at 352 Mass. 187 and 189-190 was attached to the bill as an exhibit thereto and was identified and placed in context by specific findings of the master.

[7] The importance of such attendant circumstances is illustrated by the following cases, among others: *Prentiss* v. *Gloucester,* 236 Mass. 36, 52-53 (1920); *Wellwood* v. *Havrah Mishna Anshi Sphard Cemetery Corp.* 254 Mass. 350, 354 (1926); *Casella* v. *Sneierson,* 325 Mass. 85, 88-92 (1949); *Revere* v. *Noonan,* 331 Mass. 49 (1954); *Brassard* v. *Flynn,* 352 Mass. 185, 188-189 (1967); *Walter Kassuba Realty Corp.* v. *Akeson,* 359 Mass. 725, 727-728 (1971).

The final decree is reversed, and the case is remanded to the Superior Court for retrial and for further proceedings not inconsistent with this opinion. Costs of appeal are not to be awarded to any party.

*So ordered.*