NANTUCKET CONSERVATION FOUNDATION, INC. *vs.* RUSSELL MANAGEMENT, INC.  September 17, 1974.  The defendant appeals from so much of a final decree of the Land Court as declared that the defendant's easement in a certain private way across land of the plaintiff gave the defendant no right to install utilities therein for the benefit of the land to which its easement was appurtenant.  Those utilities were identified in the parties' statement of agreed facts as "including but not limited to such conduits, pipes, wires, poles, cables or other instrumentalities needed in connection with the provision of electricity, water, gas, telephone, or other municipal or utility services" to the defendant's land.  As stated by the trial judge in her careful, written opinion, "a general right of way in . . . [a private way is] limited to purposes of travel (absent special language creating broader rights) and . . . [does] not include the installation of utilities."  The defendant's attempts to distinguish the three cases cited by the judge in support of that proposition are not persuasive.  The record in *Crullen* v. *Edison Elec. Illuminating Co. of Boston,* 254

[1] Dorothy F. Waldron.

[2] Rita Hicks.

Mass. 93 (1925), of which we take judicial notice (*Flynn* v. *Brassard*, 1 Mass. App. Ct. 678, 681 [1974]), discloses that the easement construed in that case did not by express language (as contended by the defendant) restrict use thereunder to purposes of travel, but was couched in broad terms ("a right of way in said proposed street or way"). The defendant incorrectly assumes that the easement construed in *Ampagoomian* v. *Atamian*, 323 Mass. 319, 321-322 (1948), was one requiring a strip of the grantors' land "to forever be maintained as a *driveway*" (emphasis supplied), whereas the easement actually involved in that case was a subsequent one conferring "a right of way over" certain land of the grantors. We regard the terms of the easement construed in *Ward* v. *McGlory*, 358 Mass. 322, 324-325 (1970) ("a right of way over other land of the grantors *on the existing roadway*" [emphasis supplied]) as equally general. Nor are we persuaded by the argument that the defendant acquired broader rights than the grantees in the cases cited above by reason of having been granted "the right to use the *whole* of said way" (emphasis supplied). The quoted words appear in the defendant's certificate of title in the context of other language relating to a portion of the way to which the defendant had title, and the phrase "the whole of said way" was obviously chosen to distinguish the geographical extent of the easement from that of the fee. The defendant's further contentions based on G. L. c. 41, §§ 81K-81GG, and on the fact that the present case involves registered land, are without merit.

*Decree affirmed.*

*Eugene L. Tougas* (*Philip S. Iuliano* with him) for the defendant.
*Robert J. Muldoon, Jr.,* for the plaintiff.