STEPHEN WNUK & another[1] vs. CHEMAWA COUNTRY GOLF, INC. (and a companion case). September 19, 1974. The petitioners are the owners of residential property located across the road from a golf course operated by the respondent Chemawa Country Golf, Inc. (Chemawa). In related proceedings, they brought a bill in equity to restrain Chemawa from operating certain facilities of the golf course as a nuisance and a petition for a writ of mandamus against the building inspector of the town of North Attleborough to enforce the zoning by-law of the town against alleged violations by Chemawa. Chemawa intervened in the latter as a party respondent. The cases are here on appeal by the petitioners from a final decree in the equity suit ordering the nuisance abated and applying certain restrictive conditions upon the continued operation of Chemawa, which the petitioners allege to be insufficient, and from an order denying the petition for a writ of mandamus. The cases were tried on a single record; the evidence is reported and the trial judge took a view of the premises. Subsequent to argument in this court on appeal, we entertained a motion of the petitioners, allegedly based upon newly discovered evidence, to vacate both the decree and order and to remand the cases to the Superior Court for rehearing. The trial judge had complied with the petitioners' request for a statutory report of the material facts by adopting his voluntary findings as his statutory report. In neither case does the report contain findings of fact sufficient to support the final decree, from the entry of which no fact not expressly found may be implied. *Cohen* v. *Santoianni,* 330 Mass. 187, 190-191 (1953). The decree must, therefore, be reversed unless the reported evidence shows that it was nonetheless correct. See *Martino* v. *First Natl. Bank,* 361 Mass. 325, 328 (1972). While mindful of the fact that the judge had the benefit of a view (*Keeney* v. *Ciborowski,* 304 Mass. 371-372 [1939]), our scrutiny of the reported evidence leads us to the conclusion that affirmations of the decree and order are unwarranted. Since the judge has retired, the cases cannot be returned to him for further consideration. In the circumstances we think it appropriate to allow the petitioners' motion for rehearing so that a complete resolution of the dispute between the parties may be effectuated. See *Flynn* v. *Brassard,* 1 Mass. App. Ct. 678, 682 (1974). As the motion raised questions of additional violations of the town zoning by-law beyond the scope of the pleadings in the mandamus action, the petitioners should accordingly have the right to amend the pleadings in that case. The final decree in the equity case and the order in the mandamus case are reversed. The

---

[1] Lorraine Wnuk.

cases are remanded to the Superior Court for retrial and further proceedings not inconsistent with this opinion.

*So ordered.*

*Benjamin D. Lewis* for the petitioners.

*Jarvis Hunt,* Town Counsel, for the Building Inspector of North Attleborough.

*Henry G. Barrett* for Chemawa Country Golf, Inc.