**James T. ANDREASSI, Patricia A. ANDREASSI, Richard C. CROWELL, Corinne M. CROWELL, Kevar K. HAZERIAN, Alexander H. McNEIL, Plaintiffs**
vs.
**Lenora C. SUMMERS, James G. SUMMERS, Defendants**

**No. 95260**

Land Court Department
of the Trial Court
Commonwealth of Massachusetts

**September 15, 1981**

**Tanous J. Thomas,** counsel for plaintiff **F. Anthony Mooney,** counsel for defendant

### DECISION

The plaintiffs are the owners of certain property situated on Point Road in North Falmouth in the County of Barnstable, but only James T. Andreassi and Patricia A. Andreassi of Milton, in the County of Norfolk have taken an active part in the present litigation. They are the owners of land on said Point Road, the title to which is unregistered and which was conveyed to them by Charles I. Brink II, et al, by deed dated June 19, 1978 and recorded with Barnstable County Registry of Deeds, Book 2743, Page 056 (Exhibit No. 3, sheets 46-47). The other plaintiffs are the owners of registered land situated on said Point Road, that of the Crowells being shown as Lot 138 on Land Court Subdivision Plan No. 714-P and covered by Certificate of Title No. 76479 issued as

were all the Certificates of Title referred to herein, by the Barnstable County Registry District of the Land Court (Exhibit No. 7), that of Kevar K. Hazerian being shown as Lots 136 and 137 on said plan and covered by Certificate of Title No. 73187 (Exhibit No. 8) and that of Alexander Hamilton McNeil being shown as Lot B-2 on Land Court Subdivision Plan 7174-A1 of Title No. 71533 (Exhibit No. 9).

The defendant, Lenora C. Summers, late of Needham in said County of Norfolk, has died since the commencement of this action in the Superior Court. She was the owner of registered land shown as Lot A-2 on said plan no. 7174-A1 and covered by Certificate of Title No. 31904 (Exhibits Nos. 10 and 15B). Her husband, James G. Summers, is the owner of an undivided one-half interest in Lot C-2, also registered, shown on Land Court Plan No. 7174-D and covered by Certificate of Title No. 726233. As appears from Chalk #1, Lot A-2 is located on the northwesterly side of Point Road, Lot C-2 is located on the southeasterly side thereof opposite Lot A-2 but with a much longer frontage thereon, and the land of the plaintiffs Andreassi is the westerly part of land shown on Chalk #1 as "Elizabeth L. Reinhard". Attached hereto, as Appendix A, is a copy of Land Court Subdivision Plan No. 7174 a copy which was referred to in the decision in Case No. 7174, and as Appendix 2 of Land Court Plan No. 7174 on which land of the parties has been indicated by the Court.

The plaintiffs filed a complaint in the Superior Court in Sup. Ct. Civ. Act. No. 126925 in which they sought the right to re-grade and widen Point Road. The defendants in their answer denied the rights of the plaintiffs Andreassi to use Point· Road as the defendants' Certificates of Title are not specifically subject thereto or to widen and re-grade it; the defendants further contend that the work done by said plaintiffs is not within the limits of Point Road and has been done in an unreasonable manner. It appears from memorandum of counsel that the defendants thereafter entered a complaint in the Superior Court against the Andreassis (Sup. Ct. Civ. Act. No. 127145), and that Case Nos. 126925 and 127145 have been consolidated. Prior to the consolidation, however, the plaintiffs in the original action moved that it be transferred to the Land Court.

On May 31, 1979 Beaudreau, J. granted the motion only on a limited basis, his order reading as follows: The above-entitled action is transferred to the Land Court for the sole purpose of determining the rights of the parties with respect to prayer 4 in plaintiffs' amended complaint and application for injunction (prayer 15) filed in the Superior Court Clerk's office May 18, 1979 in docket number 126925. The Land Court judges have been designated Superior Court judges by Chief Administrative Justice Arthur Mason to hear matters transferred to the Land Court judges, sitting as Superior Court judges by Chief Justice James Lynch. Without having the pleadings in Case No. 127145 before me it presently is not feasible to determine whether a request for transfer should be made so that the consolidated cases might be finally disposed of by this department rather than merely answering the question posed by the Superior Court. A conference with counsel is to be arranged once this decision has been entered to determine the appropriate course. See, **Kanstantopoulos v. Town of Whately,** Mass. (1981).[1]

I turn now to a determination of the issue referred to this Court by Justice Beaudreau. Regrettably the abstract in Case No. 7174 has been misfiled and was not available to the Court, but the Court does have before it the citation, the decree and the Land Court plans in said case. The petitioner in the original Land Court

---

[1] 1981 Mass. Adv. Sh. 1669, 1675-1677

registration proceedings did not deny the rights of others in Point Road. Rather it was admitted in the petition, as appears from the citation, that the petitioner's title was subject to rights of others in Point Road. Nonetheless, it is questionable whether, absent any other notice to successors in title to the petitioner such as the defendants they would be bound by the provisions in the citation if not also set forth in the decree. G.L. c. 185, sec. 47. The decree (Exhibit No. 4) indeed does set forth references to easements granted by certain deeds specifically referred to therein, but for some reason lost in the midst of time, since its entry in 1921, does not refer to that which was appurtenant to land now of the plaintiffs (a portion of which also is owned by Mrs. Summers.) In an abstract (Exhibit No. 3) prepared by Land Court Examiner Richard J. Gallivan, there appears at sheet 18 a copy of a deed from Jennie M. Downer, the petitioner in Land Court Case No. 7174, to Elizabeth Lincoln Reinhard, a predecessor in title of the plaintiffs Andreassi, dated October 26, 1916 and recorded with said Deeds, Book 353, Page 43. This deed predated the registration decree, and it specifically provided that there was granted "the right to use the said Point Road forty feet in width for all purposes of a way in common with the other abutters thereon".[2] Again, if the decree or subsequent conveyance gave no clue as to rights in Point Road, the defendants would prevail, and the plaintiffs would be left to their recourse, if any, against the assurance fund. G.L. c. 185, sec. 101.

However, such a result would be unthinkable. The title of the defendants to their registered land clearly is subject to rights of others in Point Road. The road appears on the Land Court Subdivision Plan No. 7174A as a forty-foot way running from Wild Harbor Road to a turnaround at land shown as "George B. Kimball", well southwesterly of land of Andreassi and Summers. The reference to

the plan in the decree and certificates of title issued pursuant thereto would alone be sufficient to make title to the registered land shown in said plan subject to the rights of third parties therein. See **Lunny v. Klaus,** Land Court Miscellaneous Case No. 73708. See also **Dubinsky v. Cama,** 261 Mass. 47, 57 (1927). **Goldstein v. Beal,** 317 Mass. 750 (1945). In addition the description of both lots A2 and C2 in said Certificates of Title No. 31904 (Exhibit No. 15) and No. 72633 (Exhibit No. 15A) are bound by Point Road. The rule of construction of such language is that it carries the fee to the center line of Point Road subject to the easement of others to use the way. **Brassard v. Flynn,** 352 Mass. 185, 188-189 (1967). **McKenzie v. Gleason,** 184 Mass. 452 (1904). While the purposes for which such ways may be used are not herein issue,[3] it cannot seriously be argued that the title of the defendants to the fee of the road is not subject to the rights of the owners of the other lands shown on the plan also to use Point Road.

This being so the question arises as to the extent of the right of the Andreassis, who are the parties actively seeking to widen Point Road and improve its

[2] This language accords with grants already made by Jennie Downer to others of rights to use Point Road including the understanding that it was forever to be kept open as a road for the benefit of abutters thereon. There is language included in a deed from Jennie M. Downer to Elise M. Downer dated November 18, 1914 and recorded in the Barnstable Registry of Deeds on December 3, 1914, Book 339, page 127, that includes "... the rights to use the said Point Road, forty feet in width for all the purposes of a way in common with the other abutters thereon." Similarly in a deed from Jennie M. Downer to George B. Kimball, dated October 26, 1916 and recorded in the Barnstable Registry of Deeds on November 1, 1916, Book 353, page 39, there is the following inclusion " ...the right to use the said Point Road, forty feet in width for all the purposes of a way in common with the other abutters thereon... Said Point Road is forever to be kept open as a road for the benefit of all the abutters thereon."

[3] See, G.L. c. 187, §5, **Nantucket Conservation Foundation, Inc. v. Russell Management, Inc.,** 1980 Mass. Adv. Sh. 781.

surface, to make changes in its surface. The usual rule in Massachusetts has been that an appurtenant easement carries with it by implication every right necessary for its enjoyment. **Tehan v. Security National Bank**, 340 Mass. 176, 182 (1959). As this Court has said in **Nantucket Conservation Foundations, Inc. v. Russell Management, Inc.,** Land Court Miscellaneous Case No. 68262, 2 Mass. App. Ct. 868 (1974):

The owner of the dominant estates may do all things necessary to make the way passable and useable for its entire width including the making of reasonable repairs and improvements to the way, excavating, grading and paving where necessary, all with due regard to the rights of the defendants and any others entitled to use the way. **Hodgkins v. Bianchini**, 323 Mass. 169, 172. **Murphy v. Mart Realty of Brockton, Inc.,** 348, Mass. 675, 679. The leading case of **Guillet v. Livernois,** 297 Mass. 337 illustrates the extent of the rights of the owners of the dominant estate to make a right of way passable and useable for its entire width. The respondent in the **Guillet** case had cut down the level of the street over which he had a right of way, he had removed the turf and retaining walls which other abutters had placed therein, constructed a sidewalk and filled a low spot. The Supreme Judicial Court upheld his right to make such changes in the way but emphasized that the rights of the dominant owner must be exercised with due regard for those of others, not only the owner of the fee, but third parties having similar rights to use the way.

Point Road, prior to the work instituted by the Andreassis, was approximately 10-12 feet in width. It is of record 40 feet wide. However, to construct it to the latter width would not be in accordance with the neighborhood nor necessary to serve the requirements of the abutters. Neither does it appear that the Andreassis are desirous of widening it beyond 18-20 feet in width. It would appear reasonable to the Court therefore, that having in mind the approximate six feet in width of the standard American car and the number of houses now built on the land in question that the plaintiffs in exercising their right to use Point Road construct it to a width not greater than 20 feet and improve the surface in such fashion as to blend with the natural surroundings. Any work to be done must be carried on within the limits of Point Road as shown on said plan, and if the location is challenged, the plaintiffs must arrange to have a Land Court surveyor set sufficient bounds to show the line of the way on the ground if as appears to be the case, the bounds presently are not there. If in widening and grading the way fill is removed, it belongs to the owners of land abutting on the way and should be disposed of by agreement. Of course, any widening should be done with due regard to the rights of all abutters and must not leave a difference in grade between their properties and the line of Point Road as improved in accordance with this decision.

The Court has set forth above the plaintiffs Andreassis' rights in Point Road. There is nothing, to show that those of the other plaintiffs should be more limited.

It follows that the plaintiffs are entitled to the permanent injunction requested in Paragraph 3 of the amended complaint.

Judgment accordingly.

**Marilyn M. Sullivan, Justice**