MacDonald, D. Lloyd, J.
This case stems from a dispute concerning the use of a private way in South Boston. The plaintiff, Michael Boyce (“Boyce” or “plaintiff’), is the owner of a unit in the 210 K Street Condominium. This action is brought by him on behalf of the 210 Condominium Trust (the “Condominium”), in Boyce’s capacity as an authorized Trustee. The defendant, Mark Lasoff (“Lasoff j, is the owner of two parcels of land located across the private way from the Condominium, as more particularly described below.
The evidence is comprised of testimony at a hearing before the Court, exhibits introduced at such hearing (including, inter alia, photographs and plans) and a view taken by the Court of the subject location.
Findings of Fact
The Condominium’s and Lasoffs properties are located on lots created by an 1869 subdivision on a parcel of land fronting onto K Street in South Boston. The eight lots were divided by a 20-foot private way, referenced in the 1869 plan as a “Court.” The original 1869 deeds to the individual lots granted with the land “a common right with other abutters to use said Court.”
The private way is called K Street Place. It runs east-west and is perpendicular to K Street. (K Street runs north-south.) The private way is 20 feet wide, leading easterly from K Street a distance of 94 feet.
The Condominium consists of a three-unit residential building, and an open area utilized primarily for parking by the owners of the condominium or their tenants. The Condominium fronts on K Street. Each unit includes two deeded parking spaces in the open area in the rear of the condominium building. In total, there are six designated parking areas, each perpendicular to K Street Place. Such parking areas as they appear on the plan that is part of the Condominium’s site plan are approximately 9 feet wide and 18 feet long. However, an additional approximately 12 feet extends from such areas as they appear on the plan and the northerly boundary of K Street Place. Thus, the total area within each of the six designated parking areas that has been used or is available for parking by the respective owners or tenants of the Condominium is 9 feet by 40 feet.
Lasoff owns two three-unit residential buildings, identified as Lots 5 and 6 in the 1869 plan. Lasoffs buildings have no frontage on K Street and no deeded parking areas. They face onto the private way of K Street Place and face northerly to the open area in the rear of the Condominium utilized, as described above, for parking by the Condominium owners and tenants.
K Street Place provides the sole means of entrance and exit for the residents of Lasoffs buildings. Westerly of Lasoffs property along Lasoffs side of K Street Place and fronting on K Street is a building owned by a third party (“Kirby”).
As noted, K Street Place is a private way, approximately 20 feet wide and 94 feet long, that runs easterly from K Street. The Condominium owns the fee in the northerly one-half of the private way for its full length of 94 feet. Lasoff owns the fee in the southern one-half of the private way for the 48 feet that his land abuts K Street Place. Kirby’s land abuts the remaining 46 feet of K Street Place to the south, and Kirby owns the remaining one-half fee in the way. Each abutter has a right of way over and through K Street Place pursuant to the easement created by the 1869 deeds.
The entrance to K Street Place is narrowed by granite sidewalk curbs which run along K Street, as well as two fence poles and a fence gate.
Lasoff has routinely authorized his tenants to park their vehicles on certain portions of K Street Place. One tenant parks a vehicle near the entrance of K Street Place parallel to Kirby’s property. (Kirby apparently has not objected.) In addition, Lasoff has permitted three other tenants to park their vehicles along the southerly side of K Street Place parallel to Lasoffs own buildings. And he has permitted one tenant to park at the end of K Street Place parallel to his most easterly building and up to the middle of K Street Place, i.e., up to the boundary of his fee interest in the way. As such that vehicle is parked perpendicular to the easterly parking areas owned by the Condominium.
The area of South Boston where the Condominium and Lasoff properties are located is a high density residential area, with many triple deckers and other *74 multi-family structures typical of Boston’s urban neighborhoods. Parking on the public streets in this part of South Boston is at a premium but, nevertheless, appears available with reasonable effort (also, as appears typical of Boston’s urban neighborhoods).
The owners and tenants of the Condominium (especially those using the most easterly parking areas in the open space behind 210 K Street) have periodically had difficulty getting into and out of their designated parking spaces on account of Lasoff s tenants’ parked cars. Problems in this regard are worse during the winter months after heavy snow falls when the Lasoff tenants’ vehicles are parked further from the walls of the Lasoff and Kirby buildings because of the snow. However, at no time have any of the Condominium owners or their tenants been unable to access or exit from their designated parking spaces altogether. Similarly, there is no evidence that the Lasoff tenants have parked on the property of the Condominium.
Lasoff requires his tenants to shovel the snow from around their respective parking areas (and provides shovels for the purpose). In addition, over the years Lasoff has improved K Street Place by paving it. In addition, Lasoff installed and maintained fencing at both ends of K Street Place and utilities under the way.
Rulings of Law
Both parties concede that as abutting lot owners they each have a fee interest in K Street Place that extends respectively to the centerline of the way on the side on which their respective buildings are located. See Murphy v. Mart Realty of Brockton, Inc., 348 Mass. 675 (1965). Further, both accept that a party cannot have an easement over that which they own in fee. Harrington v. Lamarque, 42 Mass.App.Ct. 371, 376 (1997). Thus, they each have a fee interest in their own half of the way, and then an easement over the other side of the way, which is owned in fee by the other.
In Brassard v. Flynn, 352 Mass. 185 (1967), the Supreme Judicial Court addressed the competing rights of landowners with easements over a private way, a portion of which was held in fee. A dispute had arisen over certain owners permitting parking on their half of the way. The Court upheld a master’s determination that the defendants had a fee interest in their half of the private way. Id. at 189.
And the Court further held that “they are entitled to make any use of their properly [owned in fee] which does not interfere with any rights that the plaintiffs or others may have in the road. Such use would include the parking of automobiles by all the defendants on the side of [the street] owned by the [defendants], which parking, as found by the master, ‘was not a substantial obstruction in that (the plaintiffs) ingress and egress was unimpaired.’ ” Id. (internal citations omitted). In Harrington, 42 Mass.App.Ct. at 375 n.7, the Appeals Court cited Brassard, and stated, “the defendants, of course, remain free to make any use of their fee . . . as does not interfere with the rights of others, including the plaintiffs.”
Boyce argues that as a result of Lasoff authorizing his tenants to park their vehicles along K Street Place, the vehicles “interfere” with the right of way over the entire K Street Place by the tenants of the condominium. Lasoff responds that Brassard controls and that its holding permits such parking.
However, in Brassard the private road being used for parking by the defendants was approximately 40 feet wide. 352 Mass. at 186. Here, K Street Place is half that width, i.e., 20 feet, thus leaving only 10 feet of fee ownership. Further, it is significant that the Brassard Court cited with approval the SJC’s earlier decision in Delconte v. Salloum, 336 Mass. 184 (1957), in which the Court enjoined parking on one side of a private way (similar in nature to that of here at K Street Place). The Court held that “[t]he fact that there still remains room for vehicles to pass and repass [on the way] to the beach does not render the habitual parking of vehicles on this private way any less of a nuisance to the defendant.” Id. at 189. “[T]he real issue here is the interference with the defendant’s easement by the establishment of the parking area by the plaintiff. We hold that this interference is wrongful.’’ Id. at 190.
Relevant factors in determining the significance of the interference include the size and number of the vehicles, the locations in which they are parked, as well as other pertinent factors such as accumulated snow, trash cans, and the granite sidewalk curbs running along K Street.
As noted, there was no evidence of Lasoff s tenants parking on the property of the Condominium. Further, while there periodically has been inconvenience from the Lasoff tenants’ cars there has not been any outright obstructions preventing ingress and egress.
Nevertheless, especially in consideration of the winter conditions which all Boston residents must endure and on the basis of the testimony at the hearing, the Court’s review of the photographs marked as exhibits and the Court’s own view of the locus at issue, the Court concludes that the narrowness of K Street Place (20 feet) makes it inevitable that the subject parking by the Lasoff tenants interferes with and substantially obstructs the rights of the Condominium owners and tenants to freely pass and repass over the way. Accordingly, such parking by the Lasoff tenants comprises a nuisance and must be enjoined.
Order
For the reasons stated above, it is Ordered that:
The plaintiffs interest in the private way, K Street Place, entitles the plaintiff to ingress and egress over the way without interference from Lasoff or others holding interests in fee to the middle of the way and holding rights of way over that portion of the way owned in fee by the plaintiff.
*75 The defendant is enjoined himself from and from authorizing others, including his tenants, to park any vehicles along K Street Place or otherwise to interfere with the plaintiffs easement, in the nature of his right of way to pass and repass over K Street Place. Such easement is appurtenant to and for the benefit of the land owned by the plaintiff and the improvements thereon.
Nothing in this Order restricts the temporary parking by Lasoff or his tenants incidental to loading and unloading of household items, such as groceries, provided that such parking is strictly limited in time and does not affirmatively obstruct the Condominium owners from access to their parking area.